**STATE of Minnesota, Respondent,**

v.

**Allen David MOTL, Appellant.**

No. C7-82-1327.

Supreme Court of Minnesota.

Aug. 19, 1983.

Meshbesher, Singer & Spence, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr. and Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, Greg Korstad, County Atty., Cambridge, for respondent.

SCOTT, Justice.

In *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983), we held in part that a prior

misdemeanor DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3 (1982) absent a valid waiver of counsel on the record of the prior proceeding. In *Nordstrom* there was no record. In this case there was a record but defendant contends that the record was inadequate to satisfy the requirements of Minn.R.Crim.P. 15.02 and 15.03 and prior cases of this court dealing with waiver of counsel. We hold that the record was adequate and we affirm defendant's gross misdemeanor conviction.

Minn.R.Crim.P. 15.02 sets forth a number of questions which the trial court must ask a defendant before accepting a defendant's guilty plea. Rule 15.03 provides alternative methods in misdemeanor cases, stating:

Subd. 1. Group Warnings. The court may advise a number of defendants at once as to the consequences of a plea and as to their constitutional rights as specified in questions 2, 3 and 4 above. When such a procedure is followed the court's statement shall be recorded and each defendant when called before the court shall be asked whether he heard and understood the statement. He shall then be questioned on the record as to the remaining matters specified in Rule 15.02.

Subd. 2. Petition to Plead Guilty. The defendant or his attorney may file with the court a petition to plead guilty as provided for in the Appendix B to Rule 15 signed by the defendant indicating that he is pleading guilty to the specified misdemeanor offense with the understanding and knowledge required of defendants personally entering a guilty plea under Rule 15.02.

The trial court in the prior proceeding in this case used the group advice-of-rights provisions of Rule 15.03, speaking to the defendant and the others on the record as follows:

THE COURT: Ladies and gentlemen, this is an arraignment court. For most of you today will be your first appearance on a particular charge that has brought you to court. The charges here today are either misdemeanor or petty misdemeanor charges. A petty misdemeanor is a non-criminal offense which subjects you to a fine of up to $100.00. You're not entitled to a jury trial. You are entitled to be represented by an attorney of your own choosing, but if you cannot afford an attorney, one cannot be appointed to represent you. A misdemeanor is a criminal offense which carries a maximum possible sentence of $500.00 or 90 days in jail, or both. Each of you who is charged with a misdemeanor has the following rights, which you should keep in mind and understand at all stages of these proceedings. If you have any questions about your rights, feel free to ask me about them before you enter your plea. First of all, you're not required to say anything or submit to interrogation; and anything you say may be used against you in this proceeding or any subsequent proceeding. You have a right to counsel; that is, to an attorney at this stage of the proceeding and at every stage of the proceedings, including police lineups and interrogations. If you're financially unable to afford counsel, an attorney will be appointed to represent you upon completion of an application for court-appointed counsel approved by myself. You have a right to communicate with your attorney, and a continuance will be granted to you, if necessary, to enable you to obtain an attorney or to speak to your attorney. You have a right to a trial by a jury of six persons, the right to confront the witnesses against you, the right to subpoena witnesses for you, the right to remain silent. You are presumed innocent and the State must prove its case against you beyond a reasonable doubt. You're further advised that in the proceedings now there will be a surcharge which is generally ten percent of the fine imposed should you plead guilty, and the clerk will be adding that proper surcharge amount to your fine. Example: If the fine is $100.00, ten percent surcharge is $10.00 additional that the clerk will be telling you about when you get out to the clerk's

office. When you're called, if you have any questions about your rights, feel free to ask them; then you'll be asked to enter your plea of either guilty or not guilty.

The trial court's individual interrogation of defendant was as follows:

THE CLERK: Allen David Motl.

THE COURT: You're Allen David Motl?

THE DEFENDANT: Right.

THE COURT: Mr. Motl, you're charged with driving while under the influence and over ten percent ethel [sic] alcohol concentration on Highway 10 on January 9th, 1982. You're aware of your constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Any questions about them?

THE DEFENDANT: No.

THE COURT: What is your intention to do at the present time?

THE DEFENDANT: Plead guilty.

THE COURT: You took a blood test?

THE DEFENDANT: Yeah.

THE COURT: And did you get the results of that?

THE DEFENDANT: Yeah.

THE COURT: What did they tell you it was?

THE DEFENDANT: One seven.

THE COURT: I will order a pre-sentence investigation and see you later for sentencing.

In the past we have sometimes upheld guilty pleas even though the trial court neglected to question the defendant about a particular right, as least where the defendant was represented by counsel, the theory being that counsel presumably advised the defendant of the particular right. *Shackelford v. State,* 312 Minn. 602, 253 N.W.2d 149 (Minn.1977); *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976). But where the plea was made without benefit of counsel, we have been strict. *See, e.g., Burt v. State,* 256 N.W.2d 633 (Minn.1977), where we reversed an order denying postconviction relief from a

conviction based on an uncounseled guilty plea. *See also State v. Jones,* 266 N.W.2d 706 (Minn.1978).

The prior plea with which we are concerned was a plea to a misdemeanor charge, not a felony charge or a gross misdemeanor charge, and the trial court therefore was entitled to follow the procedures set forth in Rule 15.03 rather than those set forth in Rule 15.02 and mandated by our prior decisions in felony and gross misdemeanor cases. The trial court gave a general warning in which he set forth the rights accorded those charged with petty misdemeanors and also set forth the rights accorded those charged with misdemeanors. In such a situation the trial court must be careful to insure that a particular defendant knows whether the offense he is charged with is a misdemeanor or a petty misdemeanor, else one charged with a misdemeanor could be misled into thinking that he does not have certain rights which he in fact does have. However, that was not a problem in this case. The individual interrogation of defendant in this case constitutes the absolute bare minimum that is acceptable in a case like this. In general trial courts accepting guilty pleas from misdemeanants should be more specific in their questions, particularly in determining whether the defendant waives his right to counsel and whether there is a factual basis for the plea.

There is no merit to the other contentions raised by defendant on appeal, namely, (a) that a preamendment violation of Minn. Stat. § 169.121 (1982) cannot be used as the basis of a gross misdemeanor prosecution under section 169.121, subd. 3, and (b) that the factual basis for defendant's guilty plea was inadequate.

Affirmed.

WAHL, Justice (dissenting).

Because I conclude that the record before us does not affirmatively reveal a knowing and intelligent waiver of the right to counsel, I respectfully dissent.

A misdemeanor defendant must be informed of his right to counsel, Minn.R.

Crim.P. 5.01(b) and 15.02, and must make a knowing and intelligent waiver of that right on the record before pleading guilty. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). The trial court did not make an adequate effort here to determine whether appellant understood that he had a right to counsel, nor did it specifically inquire whether appellant waived that right. The court instead generally inquired whether defendant waived his "constitutional rights."

The group of defendants here, advised *en masse* of their constitutional rights under Minn.R.Crim.P. 15.03, subd. 1, contained both persons charged with noncriminal petty misdemeanors and those charged with criminal misdemeanors. Under these circumstances, the trial court's explanation of the differing rights available to the two types of charges could likely cause confusion. The court should have thereafter individually advised appellant whether the charge facing him was a petty misdemeanor or a misdemeanor and should have specifically inquired whether appellant waived the right to counsel. The majority opinion concedes that this procedure should be followed but does not require such in this case. Because I perceive no reason to except this case from the requirement of a record showing a valid waiver of the right to counsel, I would reverse the conviction.