**STATE of Minnesota, Appellant,**

v.

**Dale Brian STEWART, Respondent.**

**No. C1–84–1697.**

Court of Appeals of Minnesota.

Jan. 15, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Gregory E. Korstad, Isanti Co. Atty., Scott A. Hersey, Asst. Co. Atty., Cambridge, for appellant.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Respondent, Dale Stewart was charged with gross misdemeanor D.W.I., Minn.Stat. § 169.121, subd. 3(a) (Supp.1983) (second D.W.I. violation within five years). Following the omnibus hearing, the trial court ruled that respondent's prior 1982 D.W.I. conviction could not be used to enhance the current charge because of an insufficient inquiry into the factual basis for the 1982 plea. The trial court then dismissed the gross misdemeanor charge and the State brought this pre-trial appeal pursuant to Minnesota Rules of Criminal Procedure 28.-04. We affirm.

## FACTS

In 1982 at his initial appearance in court, respondent was given his constitutional rights in a group advisory, as permitted by Minn.R.Crim.P. 15.03, subd. 1. Respondent did not have an attorney. Following the group advisory, the court conducted the following individual interrogation:

Court: You are Dale Stewart?

Defendant: Yes.

Court: You have been charged with Driving While Intoxicated, Speeding, a hundred miles an hour, and Having an Open Container of an Alcoholic Beverage in a Motor Vehicle. Have you discussed these matters with an attorney?

The Defendant: No.

The Court: Do you want to?

The Defendant: No.

The Court: To the charge of Driving While Intoxicated, how do you plead?

Defendant: Guilty.

After the court asked respondent how he pled to the charge of D.W.I., it elicited no factual basis for the plea. The court did not ask whether respondent was aware of test results or any alleged erratic driving, or even whether respondent agreed that he had been driving in the county of jurisdiction when the State claimed the various offenses were committed.

## ISSUE

Whether, pursuant to *State v. Motl*, 337 N.W.2d 664 (Minn.1983), and *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), the transcript from the 1982 plea to the misdemeanor D.W.I. conviction contains sufficient evidence of defendant's intelligent and voluntary waiver of right to counsel and sufficient factual basis for the trial court to have accepted respondent's plea of guilty.

## ANALYSIS

Using the group advisory to inform defendant of his constitutional rights and asking specific questions on the record as to other matters is sanctioned by Minn.R. Crim.P. 15.02 and 15.03. The procedure used was correct, but the facts elicited in individual questioning fell short of those required by the supreme court's ·decisions in *Nordstrom* and *Motl*.

The prosecution argues that *Motl* is controlling. Following the group advisory in *Motl*, the court asked these individual questions:

THE CLERK: Allen David Motl.

THE COURT: You're Allen David Motl?

THE DEFENDANT: Right.

THE COURT: Mr. Motl, you're charged with driving while under the influence and over ten percent ethel (sic) alcohol concentration on Highway 10 on January 9th, 1982. You're aware of your constitutional rights?

THE DEFENDANT: Yes.

THE COURT: Any questions about them?

THE DEFENDANT: No.

THE COURT: What is your intention to do at the present time?

THE DEFENDANT: Plead guilty.

THE COURT: You took a blood test?

THE DEFENDANT: Yeah.

THE COURT: And did you get the results of that?

THE DEFENDANT: Yeah.

THE COURT: What did they tell you it was?

THE DEFENDANT: One seven.

THE COURT: I will order a pre-sentence investigation and see you later for sentencing.

337 N.W.2d at 666.

There are similarities between Stewart's interrogation and Motl's. However, the Minnesota Supreme Court, while upholding Motl's conviction and therefore the subsequent enhancement to a gross misdemeanor, carefully noted that:

> The individual interrogation of defendant in this case constitutes the absolute bare minimum that is acceptable in a case like this. In general trial courts accepting guilty pleas from misdemeanants *should be more specific in their questions,* particularly in determining whether the defendant *waives his right to counsel* and whether there is a *factual basis for the plea.*

337 N.W.2d at 666. (Emphasis added.) It is clear that the questions and answers in *Motl* were not meant to be the approved standard.

The supreme court in *Motl* also noted that the combination of a group advisory pursuant to Minn.R.Crim.P. 15.03, subd. 1, and a defendant unrepresented by an attorney, calls for even closer scrutiny than if a defendant had been represented by an attorney when pleading guilty: "But where the plea was made without benefit of counsel, we have been strict." *Motl,* 337 N.W.2d at 666.

■ The individual questioning in *Motl* included a street location, a date, and defendant's admission that he took a blood test that resulted in .17. In appellant's questioning, no specific references to location, date, and a specific blood alcohol were made. The State argues that the revelation to respondent at his later sentencing that he was a .20 blood alcohol test result supports the factual basis for accepting respondent's initial plea of guilty. However, the record is silent as to whether the test results were known when respondent pled guilty and, if they were known, whether they had been made available to respondent. This court cannot assume these two facts, and the burden is on the State, not

the defendant, to make a record on pleas of guilty. *State v. Brown,* 346 N.W.2d 187 (Minn.Ct.App.1984).

■ To put a factual basis on the record for accepting a guilty plea, a trial court can make use of law enforcement investigation reports. Often the prosecuting attorney will move their admission to support the plea, and the defendant and/or his attorney acquiesces in their acceptance which can cut down the need for individual questions. The record here does not disclose that this alternative was used.

■ Respondent also claims that the 1982 record does not support a claim that he intelligently and voluntarily waived his right to an attorney. Here, again, as in *Motl,* the court's instructions on defendant's right to an attorney and right to apply for a court-appointed attorney were explained in a group advisory without later individual questions. Appellant here argues that the procedure used complied with Minn.R.Crim.P. 15.03, subd. 1, as only the matters in Minn.R.Crim.P. 15.02, subd. 1, 5, 6 and 7 need to be addressed individually when the group advisory is used, and the right to counsel appears in Minn.R.Civ.P. 15.02, subd. 3. We reject this strict constructionist argument, and find implicit in Minn.R.Crim.P. 15.02, subd. 5, a requirement that the waiver of counsel be knowing and intelligent. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We do not need to address what specific questions need to be asked in addition to the general question "do you waive these rights," except to note that just that question may not fulfill the mandate of a "knowing and intelligent waiver." Since we decide this case and affirm the trial court on its finding of no factual basis for the plea, we do not rule on respondent's claim of no intelligent waiver of counsel.

## DECISION

■ We agree with the trial court that the 1982 misdemeanor D.W.I. record fails to establish an adequate inquiry for the

factual basis of the plea for purposes of using that conviction to enhance a subsequent D.W.I. to a gross misdemeanor.

Affirmed.