STATE of Minnesota, Respondent,

v.

Ernest C. GRUNEWALD, Appellant.

No. C7–85–645.

Court of Appeals of Minnesota.

Nov. 26, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Lee W. Cunningham, Asst. City Atty., Windom, for respondent.

Michael J. Michalski, Windom, for appellant.

Heard, considered, and decided by LANSING, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Ernest Grunewald appeals his conviction for gross misdemeanor DWI, arguing that his prior conviction, used to enhance the second conviction to a gross misdemeanor, was not supported by an adequate factual basis.

## FACTS

Appellant was convicted of driving while under the influence on April 30, 1984, under Minn.Stat. § 169.121(3)(a) (1984). At the hearing, the trial court handed each defendant a written statement which read as follows:

### DEFENDANT'S RIGHTS

1. I do not have to make any statements or admissions to the Court or to any law enforcement persons and anything I say can be used against me in this proceeding.

2. I have the right to be represented by an attorney and if I desire an attorney and cannot afford one, one will be appointed for me; if I can partially afford an attorney, I will have to pay an amount determined by the Court and the State will pay the balance.

3. I have the right to consult an attorney before entering a plea to this charge.

4. I have the right to a Court Trial or trial by Jury of 6 persons on this charge.

5. If I plead not guilty and have a trial, the prosecution has to produce evidence to prove me guilty beyond a reasonable doubt.

6. In a trial, I can remain silent or testify in my own behalf. I am presumed innocent and do not have to prove my innocence.

7. In a trial, I can cross-examine all witnesses against me and I can require any witnesses to appear in Court that I want to have testify.

8. I have the right to have a complaint issued before entering a plea if I am in Court by virtue of a traffic or game and fish citation.

9. The maximum possible penalty for the offense I am charged with is a $700.00 fine or a jail sentence of up to 90 days or both.

With my initials at the end of this sentence I acknowledge I can read and that I have read this document.

yes E.G.

I want to enter a plea of guilty knowing that in so doing I am waiving my legal rights as set forth above including my right to consult with or have an attorney represent me.

I believe that what I did constitutes the offense with which I am charged.

Ernest Grunewald<br>DWI

Dated: 4–30, 1984

The defendants were led together into a small room off the courtroom where they were instructed to read the sheet and sign it if they so chose. Appellant was not represented by counsel. One by one, appellant and the other defendants were led back into the courtroom and questioned by the trial judge.

The entire transcript of appellant's appearance before the trial judge follows:

THE COURT: You are Ernest Clyde Grunewald? Is that correct?

THE DEFENDANT: Yes, your Honor.

THE COURT: And when you appeared here this morning, were you given a document advising you of the various legal rights you have in this proceeding?

THE DEFENDANT: Yes, your Honor.

THE COURT: And do you feel that you understand all legal rights?

THE DEFENDANT: Yes.

THE COURT: Are you prepared at this time, to enter a plea to the charge against you without having an attorney present to represent you?

THE DEFENDANT: Yes.

[reading of the citation.]

THE COURT: And I would ask, how do you plead to that charge, guilty or not guilty?

THE DEFENDANT: Guilty your Honor.

THE COURT: All right. You have that document there—would you step forward and fill that out then. There is (sic) several blanks in there; if you would just read the instructions and then do what—what it tells you to do.

(pause while filling out form.)

THE COURT: Okay, then under your name, if you would then put D.W.I. All right. Before sentencing you, it is necessary that I have you participate in an alcohol evaluation with the, ah, Court Services Officer here, and so I will have you see her first and she will discuss with you, your use of alcohol and then I will have you come back before me for sentencing. All right, one thing on this one, ah, it calls—you can read all right? Is that correct?

THE DEFENDANT: Yes. Yes.

THE COURT: Ah, then you should just put your initials here. Would you do that too? Do you have any trouble reading at all?

THE DEFENDANT: No, your Honor.

THE COURT: All right. Well, if you would have a seat then, in the waiting room and then soon as that—the Court Services Officer is available, she'll contact you and have an interview. Yeah, you just keep that.

Following his April 30, 1984, conviction, appellant was charged with a second DWI on October 13, 1984. Appellant was represented by counsel for this offense. At the January 11, 1985, omnibus hearing, appellant moved the court to suppress appellant's April 30, 1984, conviction based on his contention that he was not properly advised of his right to counsel at the April 30 hearing and on his claim that he could not read. The trial court, by an order dated January 16, 1985, denied appellant's motion. On March 14, 1985, the court found appellant guilty of gross misdemeanor DWI, Minn.Stat. § 169.121, subds 1(a) and 3(a).

## ISSUE

Did the trial court err in refusing to suppress appellant's April 30, 1984, DWI conviction at the omnibus hearing on his October, 1984, DWI arrest?

## ANALYSIS

Appellant claims that the procedure used prejudiced his rights because he is unable to read. He claims he was too embarrassed to disclose this inability to the court. On appeal he argues that the procedure of handing him a written sheet of rights deprived him of the ability to make a knowing and voluntary waiver of his rights and that the court failed to lay an adequate factual foundation for the plea.

Respondent contends the April 30, 1984, conviction was valid because appellant did not reveal, when asked by the court, that he could not read and because the trial court is entitled to believe appellant's word that he understood the rights printed on the "Defendant's Rights" sheet.

A DWI conviction obtained without adequate inquiry into the factual basis for the plea cannot be used to enhance a subsequent charge. *State v. Stewart,* 360 N.W.2d 463 (Minn.Ct.App.1985). *See also, State v. Hoaglund,* 307 Minn. 322, 325, 240 N.W.2d 4, 5 (1976).

Minn.R.Crim.P. 15.03 requires courts to advise defendants of the following rights contained in Rule 15.02 when a group warning is given:

2. Whether he realizes that the maximum possible sentence is 90 days imprisonment and a fine in the amount allowed by applicable law. (Under the applicable law, if the maximum sentence is less, it should be so stated.)

3. Whether he knows that he has a right to the assistance of counsel at every stage of the proceedings and that counsel will be appointed for him if he cannot afford counsel.

4. Whether he knows that he has a right:

(a) to trial by a jury of 6 persons;

(b) to confront witnesses against him;

(c) to subpoena witnesses for him;

(d) to remain silent at trial or at any other time; and

(e) that he is presumed innocent and the State must prove its case beyond a reasonable doubt.

Minn.R.Crim.P. 15.02.

■ A printed "Defendant's Rights" sheet, used in lieu of an oral group advisory, must contain the warnings found in Rule 15.02, subds. 2, 3, and 4. We hold that the "Defendant's Rights" sheet, set out above in the statement of facts, conforms with Rule 15.03, subd. 1.

Next, we turn to the oral questioning of appellant following his signing of the waiver and "Defendant's Rights" statement. The provisions of Rule 15.02 and 15.03 governing individual questioning of a defendant following a group advisory must be given. This includes individual advisory of each right listed in Rule 15.02, subds. 1 through 7.

■ In the oral group advisory situation, defendants are not asked whether they wish to waive their rights until they are individually questioned by the judge. Thus, individual questioning on the record is crucial to determining whether an accused has "knowingly and voluntarily" waived his constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Rules 15.02 and 15.03, subd. 1, are not alternative procedures. Where a group advisory is given, these rules must be read together.

Our standard of review is strict where the accused, without benefit of counsel, enters a plea of guilty. *State v. Hanson*, 360 N.W.2d 460, 462 (Minn.Ct.App.1985). Where the court has given an uncounselled defendant a group advisory followed by individual questioning, we give closer scrutiny than if the individual were represented by counsel. *State v. Motl*, 337 N.W.2d 664, 666 (Minn.1983); *State v. Stewart*, 360 N.W.2d at 465.

In reviewing the transcript of the court's individual questioning of appellant, we find that the court not only failed to establish an adequate factual basis for the plea as required by Rule 15.02 but also failed to advise appellant adequately of the rights listed in 15.02, subds. 5, 6 and 7.

[I]t is the trial judge's sole and awesome responsibility to determine whether the plea he is being asked to accept is voluntary and that defendant's admissions of the relevant facts and circumstances of his conduct establish that he committed the offense charged or an offense at least as serious as the offense to which he is tendering his plea.

*State v. Hoaglund*, 307 Minn. 322, 325, 240 N.W.2d 4, 5 (1976).

■ When a trial court authorizes a procedure like the one used in this case, not only is the burden on the trial court to establish an adequate factual basis for the plea, but he also bears the burden of eliciting answers to show an intelligent acquiescence in the guilty plea and a voluntary waiver of all rights. *See State v. Nordstrom*, 331 N.W.2d 901, 905 (Minn.1983). Here, the trial court engaged in cursory questioning, did not question appellant on the elements of the crime, and failed to establish an adequate factual basis for his guilty plea.

■ Facts establishing that appellant committed the crime of driving while under the influence must be on the record to show appellant knowingly and voluntarily entered his guilty plea.

To put a factual basis on the record for accepting a guilty plea, a trial court can make use of law enforcement investigation reports. Often the prosecuting attorney will move their admission to support the plea, and the defendant and/or his attorney acquiesces in their acceptance which can cut down the need for individual questions.

*Stewart*, 360 N.W.2d at 465. Here as in *Stewart*, the trial court did not meet its burden of entering a factual basis on the record in the individual questioning of defendant, and the conviction, under *Stewart*, cannot be used to enhance a subsequent D.W.I. to a gross misdemeanor.

## DECISION

The trial court erred in using appellant's prior D.W.I. conviction to enhance a subsequent conviction to a gross misdemeanor where the prior conviction was obtained without adequate inquiry into the factual basis for the plea.

Reversed.