STATE of Minnesota, Respondent,

v.

Daniel Lee EDMISON, petitioner, Appellant.

No. C9-85-601.

Supreme Court of Minnesota.

Dec. 27, 1985.

C. Paul Jones, Minn. State Public Defender, Ann Remington, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, State Atty. Gen., Paul Kampainen, Sp. Asst. Atty. Gen., St. Paul, Paul G. Morreim, Freeborn County Atty., Albert Lea, for respondent.

AMDAHL, Chief Justice.

The sole issue we address on this appeal is whether a sentencing court may use a defendant's prior misdemeanor conviction in determining the presumptive sentence under the Sentencing Guidelines for the current offense without regard to whether the prior conviction was obtained in violation of the defendant's rights to counsel. The Court of Appeals, relying on its decision in *State v. Andren*, 358 N.W.2d 428 (Minn.App.1984), rejected as "without merit" the defendant's contention that a prior misdemeanor conviction may not be used if the conviction was obtained in violation of the defendant's right to counsel. *State v. Edmison*, 373 N.W.2d 639, 640 (Minn.App. 1985). We disagree and hold that if a criminal defendant properly raises the issue, as the defendant in this case did, then the sentencing court may not use the prior conviction in determining the presumptive sentence for the current offense unless the state proves that the prior conviction was not obtained in violation of the defendant's right to counsel.

In *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), we held that a prior misdemeanor DWI conviction based on an uncounseled guilty plea may not be used to convert a subsequent DWI offense into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3 (1984), absent a valid waiver of counsel on the record of the prior proceeding. The Court of Appeals in *State v. Andren*, 358 N.W.2d 428, 431 (Minn.App. 1984), concluded that *Nordstrom* applies only when the existence of the prior conviction is an element of the later offense, not when the existence of the prior conviction is used as the basis for giving the defendant a greater sentence for a later offense than he otherwise would have received. The defendant in *Andren* did not petition for review of the decision.

We have not been confronted with this issue before, but we stated in *Pilger v. State*, 337 N.W.2d 695, 698 (Minn.1983), that although the trial court in computing a defendant's criminal history score generally should not look at the procedures that led to the prior conviction, there may be unique cases in which the court should do so. We believe that this is such a case.

The cases of the United States Supreme Court on this subject are instructive. Although the United States Supreme Court had difficulty in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), deciding on a test for when prior misdemeanor convictions may or may not be used collaterally in the offense enhancement context (*e.g.*, to convert what would otherwise be a misdemeanor into a gross misdemeanor), it is clear from other decisions that if a prior conviction is not usable in the offense enhancement context, it also is not usable in the sentence

enhancement context. The main case that leads us to this conclusion is *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), which held that it is improper for a trial judge to consider a prior conviction in sentencing a defendant for a current offense if the prior conviction was obtained in violation of the defendant's right to counsel. *Id.* at 448, 92 S.Ct. at 592. For an analysis of the cases, *see* Rudstein, *The Collateral Use of Uncounseled Misdemeanor Convictions After Scott and Baldasar*, 34 U.Fla.L.Rev. 517 (1982).

In *State v. Nordstrom*, 331 N.W.2d 901, we had less difficulty than the United States Supreme Court had in *Baldasar* in deciding when a prior misdemeanor conviction may or may not be used collaterally in the offense enhancement context. We stated, "Minnesota law has established a broad-based right to counsel which goes beyond the dictates of [the decisions of the United States Supreme Court]." 331 N.W.2d at 904. Specifically, in Minnesota "counsel should be provided in any case * * which may lead to incarceration in a penal institution." *State v. Borst*, 278 Minn. 388, 397, 154 N.W.2d 888, 894 (1967). Based on this, we concluded in *Nordstrom* that a prior misdemeanor DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3 (1984), absent a valid waiver of counsel on the record of the prior proceeding. 331 N.W.2d at 905. We now hold that if a criminal defendant properly raises the issue, then the sentencing court may not use a prior misdemeanor conviction in computing the presumptive sentence under the Sentencing Guidelines for the current offense unless the state proves [1] that the prior conviction was not obtained in violation of the defendant's right to counsel.

In this case it appears that the prior misdemeanor convictions in question were based on guilty pleas. In view of the trial court's rejection of the defendant's legal argument, it was unnecessary for the state to try to prove the propriety of those prior convictions. A remand to the trial court for resentencing is therefore necessary. If the state wants the trial court to use the prior convictions in computing defendant's criminal history score and presumptive sentence, then it will have to prove that defendant was represented by counsel or that there was a valid waiver of the right to counsel on the record of each of the prior convictions. Our decision in *State v. Motl*, 337 N.W.2d 664 (Minn.1983), provides a guide for the sentencing court in determining whether the record of each of the prior proceedings adequately establishes a valid waiver of counsel by the defendant.

Remanded to the trial court for resentencing.

PETERSON, J., took no part in the consideration or decision of this case.

---

1. That the state has the burden of proof on this issue is made clear by our decision in *State v. Marquetti*, 322 N.W.2d 316 (Minn.1982) (state has the burden of proof in establishing a defendant's criminal history for Sentencing Guidelines purposes).