**STATE of Minnesota, Respondent,**

v.

**Donald Ray GOFF, Appellant.**

**No. C3–86–2130.**

Court of Appeals of Minnesota.

March 24, 1987.

Review Granted May 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael L. Kirk, Co. Atty., Waldemar B. Senyk, Asst. Co. Atty., Fergus Falls, for respondent.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ., with oral argument waived.

SEDGWICK, Judge.

Donald Ray Goff appeals the trial court's finding that prior felony convictions may be used for current sentencing purposes without proof that the prior convictions were not obtained in violation of appellant's right to counsel. We reverse and remand for resentencing.

## FACTS

Appellant was charged with one count of theft in violation of Minn.Stat. § 609.52, subd. 2(3)(a) and subd. 3(2) (1986). He pleaded guilty to the theft charge and received a 21 month prison sentence. The trial court included appellant's eight prior felony convictions in determining his criminal history score under the sentencing guidelines. Appellant moved for sentence correction. At the resentencing hearing, the trial court eliminated four of appellant's prior convictions from his criminal history score because those convictions had decayed for current sentencing purposes.

The trial court denied appellant's motion to require that the State prove the remaining prior felony convictions were not obtained in violation of his right to counsel.

## ISSUE

Did the trial court err by including appellant's prior felony convictions in his criminal history score without proof that those convictions were not obtained in violation of his right to counsel?

## ANALYSIS

In *State v. Edmison,* 379 N.W.2d 85, 87 (Minn.1985), the Minnesota Supreme Court ruled that a sentencing court may not consider prior misdemeanor convictions for current sentencing purposes unless the State proves that those convictions were not obtained in violation of defendant's right to counsel. Appellant contends the holding in *Edmison* applies to both prior misdemeanor and prior felony convictions. We agree.

Although *Edmison* involves prior misdemeanor convictions, the same compelling reasons warrant the extension of its holding to felony convictions. It is inconceivable that the *Edmison* court intended its holding to only apply to prior misdemeanor convictions since felony convictions generally carry a much more severe sentence. In fact, the *Edmison* court supports its decision with a federal case involving prior felony convictions. In *United States v. Tucker,* 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972), the court held that the trial court improperly considered prior felony convictions for current sentencing purposes where the prior convictions were obtained in violation of the defendant's right to counsel. *Edmison's* reliance on *Tucker* demonstrates the court's intention to extend its holding to prior felo-

ny convictions, as well as to prior misdemeanor convictions.

Furthermore, the *Edmison* decision does not distinguish between prior felony and prior misdemeanor convictions. As evidenced by the case law cited in *Edmison,* the court expresses more of a concern for the general right to counsel rather than some presumed felony-misdemeanor distinction. Minnesota has established a broad-based right to counsel that goes beyond the federal dictates. *See Edmison,* 379 N.W.2d at 87. Requiring the State to prove that prior misdemeanor and felony convictions were not obtained in violation of appellant's right to counsel for current sentencing purposes consistently protects the valued right of counsel.

In addition, requiring the State to follow *Edmison* with respect to prior felony convictions comports with the State's burden of proving a defendant's criminal history under the sentencing guidelines. *State v. Marquetti,* 322 N.W.2d 316 (Minn.1982).

### DECISION

In order to use prior felony convictions in computing appellant's criminal history score and presumptive sentence, the State must first prove that appellant was represented by counsel or that there was a valid waiver of the right to counsel on the record for each prior conviction. We remand for resentencing in accord with our decision.

Reversed and remanded for sentencing.