**STATE of Minnesota, Respondent,**

v.

**Donald William WARREN, Appellant.**

No. C3-87-369.

Court of Appeals of Minnesota.

June 16, 1987.

Review Granted Aug. 19, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John C. Hoffman, Mille Lacs Co. Atty., Walter M. Kaminsky, Asst. Co. Atty., Milaca, for respondent.

C. Paul Jones, Public Defender, Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Donald William Warren appeals his sentence on conviction for criminal sexual conduct in the first degree. Appellant challenges the use of his criminal history score, claiming a misdemeanor conviction necessary for the assessment of an additional misdemeanor point should not have been considered because the record of that case did not establish a factual basis supporting the entered guilty plea. We reverse and remand.

## FACTS

Appellant Donald William Warren pled guilty to a charge of criminal sexual conduct in the first degree. Upon completion of a presentence investigation appellant was given a criminal history score of three, based on two prior felonies and four prior misdemeanors.

Appellant challenged the consideration of his conviction for aiding and abetting attempted theft in violation of Minn.Stat. §§ 609.05, subd. 1 and 609.52, subd. 2, necessary to the addition of the misdemeanor point. Appellant alleged that use of the conviction was improper, as the record on the conviction did not contain a factual basis to support his guilty plea. The transcripts of the proceedings at dispute were entered. The state argued there was no explicit requirement of a factual basis for a previous misdemeanor conviction for the conviction to be used in calculating a criminal history score or, in the alternative, that there was a factual basis in the record supporting the disputed guilty plea.

The trial court found a factual basis supporting the guilty plea was not established by the record. The trial court further noted that the particular misdemeanor conviction was necessary to the award of an additional point to appellant's criminal history score. Yet, the trial court ultimately found Minnesota law did not require that a factual basis be established supporting a guilty plea for the conviction to be considered in criminal history calculations and sentencing. The court then sentenced appellant to the high end of the presumptive sentence range for a level eight offense with a criminal history score of three, eighty-one months.

## ISSUE

Did the trial court err in assessing one criminal history point for misdemeanor convictions where the record on a conviction necessary for such an assessment did not contain a factual basis for the guilty plea entered in that case?

## ANALYSIS

▮ Minimal standards for acceptance of a misdemeanor plea are set out in Minn. R.Crim.P. 15.02. In addition to informing the defendant of the specific characteristics of the crime with which he has been charged, Minn.R.Crim.P. 15.02 requires:

Before the court accepts a plea of guilty * * * [t]he defendant shall * * * be questioned by the court or counsel in substance as follows:

* * * * * *

3. Whether he knows that he has a right to the assistance of counsel at every stage of the proceedings and that counsel will be appointed for him if he cannot afford counsel.

4. Whether he knows that he has a right:

(a) to trial by a jury of six persons;

(b) to confront witnesses against him;

(c) to subpoena witnesses for him;

(d) to remain silent at trial or at any other time; and

(e) that he is presumed innocent and the State must prove its case beyond a reasonable doubt.

5. Whether he waives these rights.

6. Whether he understands the nature of the offense charged.

7. Whether he believes that what he did constitutes the offense to which he is pleading guilty.

*The court shall then determine whether there is a factual basis for the plea.* (emphasis added)

Rule 15.02 articulates the minimal standards for the waiver of a defendant's constitutional rights that must be met for a trial court to accept a guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969).

In *State v. Nordstrom*, 331 N.W.2d 901, 904–05 (Minn.1983) the Minnesota supreme court held that a prior misdemeanor D.W.I. conviction based on an uncounseled guilty plea may not be used to convert a subsequent D.W.I. offense into a gross misdemeanor under Minn.Stat. § 169.121, subd. 3 (1984), absent a valid waiver of counsel on the record of the prior proceeding as required by 15.02. The court extended the effect of such a deficiency in *State v. Edmison*, 379 N.W.2d 85 (Minn.1985).

The issue presented in *Edmison* was whether a sentencing court may use a defendant's prior misdemeanor conviction in determining the sentence for the current offense when the prior conviction was obtained in violation of the defendant's right to counsel. *Id.* at 86. In reaching a result the court relied on case law from the United States Supreme Court:

The cases of the United States Supreme Court on this subject are instructive. Although the United States Supreme Court had difficulty in *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (per curiam), deciding on a test for when prior misdemeanor convictions may or may not be used collaterally in the offense enhancement context (*e.g.*, to convert what would otherwise be a misdemeanor into a gross misdemeanor), it is clear from other deci-

sions that *if a prior conviction is not usable in the offense enhancement context it also is not usable in the sentence enhancement context.*

*Edmison*, 379 N.W.2d at 86–87 (emphasis added).

Analogizing to *Nordstrom*, the court held that "if a criminal defendant properly raises the issue, then the sentencing court may not use a prior misdemeanor conviction in computing the presumptive sentence under the Sentencing Guidelines for the current offense unless the state proves that the prior conviction was not obtained in violation of the defendant's right to counsel." *Id.* at 87 (footnote omitted).

Similar to the requirement of a knowing and intelligent waiver of a defendant's right to counsel for acceptance of a guilty plea is the additional requirement that there be a factual basis supporting the plea. *State v. Stewart*, 360 N.W.2d 463, 465 (Minn.Ct.App.1985). In *Stewart* this court found that the state's failure to establish a factual basis for a guilty plea in a prior misdemeanor conviction under Rule 15.02 barred the state from then using that conviction to enhance a subsequent D.W.I. misdemeanor into a gross misdemeanor. *Id.* at 465–66. Failure to establish a factual basis for the plea makes the conviction "not usable in the offense enhancement context," consequently it logically follows, based on the reasoning of *Edmison*, that such a deficiency renders a conviction "not usable in the sentence enhancement context." *Edmison*, 379 N.W.2d at 86–87.

Specifically, we hold that if a criminal defendant properly raises the issue, a sentencing court may not use a prior misdemeanor conviction in computing the presumptive sentence under the Sentencing Guidelines unless the state proves that the plea in the prior case was supported by a factual basis.

Unlike *Stewart*, here there is no issue of whether a factual basis was established for the disputed misdemeanor guilty plea. The trial court found, and it is undisputed on appeal, that the record does not supply the required factual basis for the plea. The logical import of *Edmison* and *Stewart*

under these facts dictates the conclusion that the trial court erred in holding that a conviction based on such a deficient plea could be considered in the computation of appellant's criminal history score. Since it is also undisputed that this misdemeanor conviction was determinative in the assessment of one misdemeanor point, a remand is necessary for sentencing pursuant to the presumptive sentence under the Sentencing Guidelines for appellant without the added misdemeanor point.

## DECISION

Reversed and remanded for sentencing consistent with the Sentencing Guidelines with appellant's criminal history modified to exclude consideration of the misdemeanor conviction for aiding and abetting attempted theft.

Reversed and remanded.