**STATE of Minnesota, Respondent,**

v.

**Todd William LILLEMO, Appellant.**

**No. CX–87–756.**

Court of Appeals of Minnesota.

Aug. 11, 1987.

Hubert H. Humphrey III, State Atty. Gen., St. Paul, Timothy R. Faver, Keyes & Faver Ltd., Bemidji, for respondent.

Mark L. Rodgers, Kief, Fuller, Baer, Wallner & Rodgers, Ltd., Bemidji, for appellant.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Todd William Lillemo appeals his conviction for DWI in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(a) (1986), claiming that enhancement of the current offense to a gross misdemeanor was improper. The State did not respond in this appeal, and this court ordered that the matter proceed pursuant to Minn.R.Civ.App.P. 142.03. We reverse and remand for resentencing as a misdemeanor.

## FACTS

Lillemo was arrested for driving while under the influence on November 23, 1986 and was found guilty on February 23, 1987. He does not contest the factual basis for this conviction on appeal. At a January 1987 omnibus hearing, the parties stipulated to introduction of three transcripts relating to Lillemo's former DWI conviction, parts of which are set forth below.

*First Appearance (May 21, 1982)*

Lillemo was given a group warning advising him of his constitutional rights. He was then individually questioned by the court:

THE COURT: Todd William Lillemo. Mr. Lillemo, a complaint has been filed against you by the Beltrami County Sheriff's office charging you with on the 18th—the 17th of May, on Highway # 2 East, near the Sale's Barn, you committed the offense of driving a motor vehicle under the influence of alcohol, in violation of M.S.A. 169.121. Do you understand that charge?

MR. LILLEMO: Yeah.

THE COURT: Okay. This is a misdemeanor, so that you have the rights that I explained today, including Court appointed attorney and jury trial. Do you understand all that part?

MR. LILLEMO: Yeah.

THE COURT: Do you want to talk to an attorney before you enter a plea?

MR. LILLEMO: Yes, I do.

THE COURT: Okay. Are you able to employ your own attorney?

MR. LILLEMO: Yeah.

THE COURT: Okay. Will you be able to get your attorney so that you will be back by Monday?

MR. LILLEMO: Well, the first time that I talked to him was this morning, and just for a couple minutes, so I'm going to try to get ahold of him this afternoon.

\* \* \* \* \* \*

THE COURT: Okay. \* \* \* I'm going to continue this to Monday morning at 9:00 and then you and [your attorney] can return at that time and let the Court know how you want to plead.

*The Guilty Plea (May 26, 1982)*

THE COURT: \* \* \* Mr. Lillemo, you were previously in court on a driving while under the influence charge. You requested time to consult with a lawyer. At this time are you prepared to enter a plea to this charge?

MR. LILLEMO: Guilty.

THE COURT: All right. I'm going to order a presentence investigation. * * * you will be given another date * * * for sentencing.

*Sentencing (June 9, 1982)*

THE COURT: * * * Mr. Lillemo, there was a charge of driving while under the influence of alcohol, and I assume that you had entered a plea of guilty on, because I've got a [presentence investigation] report—is that right?

MR. LILLEMO: Yes.

THE COURT: Have you received a copy of that report too?

MR. LILLEMO: *Now I have.*

(Emphasis supplied.) Lillemo did not testify at the January 1987 omnibus hearing. Following submission of written memoranda, the trial court denied the motion to disallow enhancement, finding:

1. That the hearings resulting from the incident of May 17, 1982, wherein the Defendant was convicted of the charge of DWI adequately show that the Defendant had received the advice of counsel and that the plea entered therein was a counseled plea.

2. That the Court sufficiently informed the Defendant of the offense, the venue, and the alcohol concentration, the latter being contained in the presentence investigation report showing a .28 concentration. The Court assumes that the Defendant was aware of this report as no testimony was offered to the contrary to the Court.

Lillemo was found guilty of gross misdemeanor DWI on February 23, 1987 and sentenced to one year of incarceration plus a $1,000 fine. All but 10 days of Lillemo's prison time was suspended, conditioned upon his compliance with the terms of his probation. He now seeks re-sentencing of his current DWI conviction as a misdemeanor offense.

**ISSUE**

Did the trial court err in enhancing Lillemo's current DWI offense to a gross misdemeanor?

**ANALYSIS**

Lillemo's first challenge to enhancement of his current DWI offense is based on *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983). His second challenge centers on the factual basis in accepting the former plea, which he claims was inadequate.

*Legal Representation*

■ In *Nordstrom*, the supreme court held that a prior misdemeanor DWI conviction based on an uncounseled guilty plea cannot be used to convert a subsequent DWI offense to a gross misdemeanor, absent a valid waiver of counsel on the record. *Id.* at 905. The State argued in its trial memorandum that *Nordstrom* was inapplicable to the present case since Lillemo requested to speak to an attorney, was granted a continuance for that purpose, and presumably entered his plea pursuant to his attorney's advice.

Lillemo contends that the record is insufficient to support a finding that he had consulted with his attorney in a satisfactory manner prior to entering his plea. He asserts that the trial court should have inquired whether he had in fact consulted with an attorney, whether he had been advised of his rights and whether he was satisfied with his attorney's services.

While we agree that the trial court could have acted more prudently,[1] we do not equate the failure to elicit this information with a conclusion that Lillemo's plea was uncounseled. In this case, Lillemo spoke briefly to an attorney prior to his first appearance, informed the court that he wanted to retain private counsel and could afford to do so, and was granted a continu-

---

1. In *State v. Nelson*, 399 N.W.2d 629, 630 n. 1 (Minn.Ct.App.1987), *pet. for rev. denied*, (Minn. April 17, 1987), we voiced our concern that cases of this nature were complicated unnecessarily by routine administrative rotation of judges. Here, three different judges were involved in various aspects of the proceedings. In our view, the judge involved in accepting the plea should also be designated as the sentencing judge. This would promote a more orderly procedure in DWI cases and lessen the likelihood of a collateral attack on the conviction should grounds for enhancement arise in the future.

ance to discuss the matter more fully with the attorney of his choice. These circumstances distinguish the present case from *Nordstrom,* 331 N.W.2d at 904, where no record of the former DWI plea and conviction existed, *State v. Medenwaldt,* 341 N.W.2d 885, 887 (Minn.Ct.App.1984), where the former record was "similarly silent," and other cases where defendants indisputably entered their pleas without benefit of counsel. *See, e.g., State v. Motl,* 337 N.W.2d 664, 666 (Minn.1983), *State v. Grunewald,* 378 N.W.2d 55, 56 (Minn.Ct.App. 1985), and *State v. Stewart,* 360 N.W.2d 463, 464 (Minn.Ct.App.1985).

We conclude under the facts of this case that Lillemo's 1982 guilty plea to DWI was counseled and entered pursuant to the advice of his privately retained counsel. *See Swanson v. State,* 284 Minn. 66, 71–72, 169 N.W.2d 32, 36 (1969); *State ex rel. Rankin v. Tahash,* 276 Minn. 97, 101, 149 N.W.2d 12, 15–16 (1967).

*Factual Basis*

■ Lillemo additionally argues that enhancement of the current offense is improper because the record fails to establish a sufficient factual basis for accepting his prior guilty plea. We are similarly persuaded.

In *Motl,* the supreme court held that a factual basis constituting the "absolute bare minimum" had been established when the defendant was individually informed and acknowledged the date and location of the offense *and his alcohol concentration. Id.* at 666. In the present case, Lillemo acknowledged the *nature* of the charge against him as well as the date and location of the offense.[2] Notably absent from the record is any *acknowledgement* by Lillemo, *prior* to entering his plea, that he had acted under the influence of alcohol. Nor is there any acknowledgement prior to the plea that Lillemo was aware of his test results.

Although we are assuming differently based on the record before us, this would

be pertinent in assessing a prior plea to violation of Minn.Stat. § 169.121, subd. 1(a). (*See* footnote 2.) To illustrate, we note that when asked by the sentencing judge whether he had received a copy of the presentence report containing this information, Lillemo responded, "Now I have." This statement, in absence of other evidence, indicates that Lillemo was not sufficiently informed of his alcohol concentration until *after* he pleaded guilty. In *Stewart,* we rejected a similar scenario. *Id.* at 465.

■ The mere recitation of charges to a defendant accused of DWI is not the equivalent of obtaining a factual basis for a guilty plea to the charge. At the very least, a defendant who receives a group advisory pursuant to Minn.R.Crim.P. 15.03, subd. 1 must acknowledge on the record that he understands the specific charges against him, that he committed certain acts on the date and at the location specified in the complaint, and that he believes his actions constitute the offense to which he is pleading guilty. *See* Comment, Minn.R. Crim.P. 15.

Here, the complete absence of evidence establishing Lillemo's acknowledgement that he was under the influence of alcohol prior to acceptance of his plea, places this case below the "absolute bare minimum" acceptable in *Motl. Id.* at 666. We reiterate our statement in *Stewart* that a trial court may utilize law enforcement reports to establish a factual basis on the record for accepting a guilty plea. *See Stewart,* 360 N.W.2d at 465. As in *Stewart,* however, the record here does not disclose that this alternative was used.

■ We also take this opportunity to emphasize that we will determine sufficiency of a factual basis for accepting a guilty plea from the record established *when the plea was tendered. See State v. Taylor,* 288 Minn. 37, 43, 178 N.W.2d 892, 895 (1970). This is particularly true in DWI cases involving hearings before multiple

---

2. We assume from the record before us that Lillemo pleaded guilty to driving while under the influence, Minn.Stat. § 169.121, subd. 1(a) (1980), not driving with an alcohol concentra-

tion of .10 or more in violation of subd. 1(d). Had the State responded in this appeal, we assume that matter would have been clarified.

judges. In the present case, the factual basis for the former plea is inadequate regardless of what record it is based upon.

### DECISION

The trial court did not err in determining that Lillemo's prior guilty plea was counseled. The trial court erred, however, in utilizing Lillemo's prior DWI conviction to enhance a subsequent conviction to a gross misdemeanor when the factual basis for the prior conviction was inadequate. We remand for resentencing as a misdemeanor.

Reversed and remanded.

