Jeffrey Allen **VERNLUND,**
petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

and

**State of Minnesota, Respondent,**

v.

**Jeffrey Allen Vernlund, Appellant.**

Nos. C7–98–936, C3–98–1386.

Court of Appeals of Minnesota.

Jan. 19, 1999.

John M. Stuart, State Public Defender, Susan K. Maki, Assistant Public Defender, Minneapolis, MN (for appellant).

Michael A. Hatch, Attorney General, St. Paul, MN; and Timothy R. Faver, Beltrami County Attorney, Shari R. Schluchter, Chief Assistant County Attorney, David P. Frank, Assistant County Attorney, Bemidji, MN (for respondent).

Considered and decided by KALITOWSKI, Presiding Judge, SHUMAKER, Judge, and ANDERSON, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Jeffrey Allen Vernlund contends that his prior misdemeanor DWI conviction and his subsequent gross misdemeanor DWI conviction based on the prior misdemeanor must be vacated because his misdemeanor plea was uncounselled and lacked a factual basis. Because the record of the misdemeanor plea fails to disclose any facts that could provide a basis for the plea, we reverse and remand.

## FACTS

On May 31, 1996, appellant appeared without an attorney for his arraignment on the charge of driving while under the influence of alcohol. There were several cases on the court calendar that day and the judge gave a group rights advisory. He explained the right to be represented by an attorney, the presumption of innocence, burden of proof, and right to jury trial.

When appellant's case was called, the following occurred:

THE COURT: Mr. Vernlund you are charged with driving while under the influence of alcohol. That is a misdemeanor charge. I just explained the right you have. Do you understand those rights?
THE DEFENDANT: Yes.
THE COURT: Do you wish to talk to an attorney before deciding if you are going to plead guilty or not guilty?
THE DEFENDANT: No.
THE COURT: Do you pleading guilty or not guilty to driving while under the influence of alcohol?
DEFENDANT: Guilty.
THE COURT: Is there any statement you want to make before I enter sentence?

THE DEFENDANT: No.

The district court sentenced appellant to a 60–day jail term, suspended on conditions, and imposed a fine.

Apparently the court file in appellant's case was available in the courtroom at the time of the arraignment. The file contained an arrest report, traffic citation, implied consent advisory, intoxilyzer test record, and appellant's driving history. There is no evidence, however, that any of the documents ever became part of the arraignment record, or that the judge had reviewed them before or during the arraignment, or that appellant knew of their existence or contents. During the arraignment no one referred to any facts set forth in the documents.

Appellant was again charged with DWI in May of 1997. Because of the 1996 conviction, the state enhanced this charge to a gross misdemeanor. Contending that his 1996 plea was uncounselled and lacked a factual basis, appellant moved to dismiss the enhanced charge. Contemporaneously, he petitioned for postconviction relief on the same grounds, seeking an order vacating the 1996 conviction and allowing him to withdraw his guilty plea. The trial court ruled that the 1996 plea was sufficiently counseled and was supported by a factual basis. It then denied the motion and the petition, and, after a nonjury trial, found appellant guilty of gross misdemeanor DWI.

Appellant took separate appeals from the order denying postconviction relief and the gross misdemeanor judgment of conviction. Because both matters raise identical legal and factual issues, we ordered consolidation of the appeals.

## ISSUE

Is a misdemeanor guilty plea that the court accepted without establishing a factual basis on the record a valid plea, and can it be used to enhance a subsequent charge?

## ANALYSIS

■ A misdemeanor guilty plea that is either uncounselled or devoid of a factual basis cannot be used to enhance a subsequent charge to a gross misdemeanor. *State v. Nordstrom*, 331 N.W.2d 901, 902 (Minn.

1983); *State v. Stewart,* 360 N.W.2d 463, 465–66 (Minn.App.1985); *State v. Grunewald,* 378 N.W.2d 55, 59 (Minn.App.1985). Furthermore, "a guilty plea will be set aside in a petition for post-conviction relief if a factual basis is lacking." *State v. Warren,* 419 N.W.2d 795, 798 (Minn.1988). We focus solely on the issue of whether appellant's 1996 plea was supported by a factual basis. Because appellant was not represented by an attorney for that plea, he may attack it collaterally. *Id.*

The Minnesota Rules of Criminal Procedure prescribe the inquiry that the trial court is required to make of a defendant before accepting a guilty plea. Rule 15.02 provides, in part:

> The court with the assistance of counsel, if any, shall then elicit sufficient facts from the defendant to determine whether there is a factual basis for all elements of the offense to which the defendant is pleading guilty.

Minn. R.Crim. P. 15.02.

■ "[T]he purpose of the factual-basis requirement is to ensure the accuracy of the plea." *Beaman v. State,* 301 Minn. 180, 183, 221 N.W.2d 698, 700 (1974). An accurate plea is one entered without improper inducement and with a full understanding of the possible consequences; it is also one that demonstrates that defendant is guilty of a crime at least as serious as that to which he is pleading. *Id.* Another benefit of the accuracy requirement is "assisting the court in determining whether the plea is intelligently entered * * *." *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983).

■ The trial court has the primary duty to ensure a sufficient factual basis for a guilty plea:

> [I]t is the trial judge's sole and awesome responsibility to determine whether the plea he is being asked to accept is voluntary and that defendant's admissions of the relevant facts and circumstances of his conduct establish that he committed the offense charged or an offense at least as serious as the offense to which he is tendering his plea.

*State v. Hoaglund,* 307 Minn. 322, 325, 240 N.W.2d 4, 5 (1976); *see also State v. Milton,* 295 N.W.2d 94, 95 (Minn.1980) (trial court has primary responsibility to question defendant to ensure factual basis for plea). Perfunctory and cursory questioning that fails to include a factual inquiry as to the elements of the charge will not satisfy the factual-basis requirement. *Grunewald,* 378 N.W.2d at 58.

■ We give the strictest scrutiny to pleas by pro se defendants who were informed of their legal and constitutional rights through a group advisory. *State v. Hanson,* 360 N.W.2d 460, 462 (Minn.App.1985) ("The most dangerous combination which calls for the closest scrutiny of the record is when the defendant does not have an attorney and is given the group advisory * * *.") *See also State v. Motl,* 337 N.W.2d 664, 666 (Minn. 1983); *State v. Sandmoen,* 390 N.W.2d 419, 422 (Minn.App.1986); *State v. Stewart,* 360 N.W.2d 463, 465 (Minn.App.1985).

■ Not only must there actually be a factual basis for a guilty plea, but that basis must be disclosed on the record as well. *State v. Vieburg,* 404 N.W.2d 312, 314 (Minn. App.1987) ("there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he pleads guilty"); *see also Kelsey v. State,* 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974). Such disclosure is essential if the trial court is to ensure an accurate plea. Furthermore, appellate review is impossible without a record.

■ Our appellate courts have not been uniform as to the requisite extent of the factual basis for a plea.[1] Nevertheless, Rule

---

1. *Warren,* 419 N.W.2d at 799 (facts of crime as observed by eyewitness set forth in detail in sworn complaint read twice into the record held sufficient factual basis); *Trott,* 338 N.W.2d at 252 (record contained copy of complaint, photos of victim's injuries, and defendant's oral statement admitting crime); *State v. Feather,* 288 Minn. 556, 557, 181 N.W.2d 478, 479 (1970) (essential

15.02 requires that the facts support the elements of the charge, and, in DWI cases, the supreme court has set a factual bottom line. In *Motl*, 337 N.W.2d at 666, the trial court informed the defendant of the DWI charge, the date and place of the offense, and the blood-alcohol test result. The trial court made no further inquiry as to the facts. The supreme court said:

> The individual interrogation of defendant in this case constitutes the absolute bare minimum that is acceptable in a case like this. In general trial courts accepting guilty pleas from misdemeanants should be more specific in their questions, particularly in determining whether the defendant waives his right to counsel and whether there is a factual basis for the plea.

*Id.* There is no required method for establishing a factual basis for a plea. The judge may ask questions and obtain answers from the defendant, or the prosecutor or defense lawyer may do so. The court might require the defendant to explain the facts in a narrative. Arrest reports, witness statements and other documents containing facts relevant to the elements of the charge may be incorporated into the record or quoted or paraphrased on the record and the defendant may be asked whether he admits the facts disclosed. Any method that complies with Rule 15.02 will suffice.

■ In this case, the trial court made no factual inquiry on the record.[2] There was no reference to the date or place of the offense, or to any act of driving, or to indicia of the influence of alcohol. Bereft of virtually every critical fact to support the DWI charge, appellant's 1996 misdemeanor plea was devoid of the legally required factual basis.

## DECISION

Accordingly, the 1996 conviction must be vacated and the trial court must permit ap-

---

elements of the crime charged were not spelled out but defendant's detailed testimony and admission that his conduct was consistent with crime were sufficient; *Sandmoen*, 390 N.W.2d at 422 (record contained petition to plead guilty, notice of driver's license revocation, traffic citation, and revocation notice referencing breathalyzer result of .13%).

pellant to withdraw his guilty plea. Since the 1996 plea is invalid, it cannot be used for enhancement. Thus, the 1997 gross misdemeanor conviction must be reduced to a misdemeanor.

**Reversed and remanded.**

---

**2.** Even though the documents available in the court file might have provided a factual basis for the plea, those documents were never made part of the record.