**STATE of Minnesota, Respondent,**

v.

**Dale C. LANDE, Appellant.**

**No. C6–85–412.**

Court of Appeals of Minnesota.

Nov. 12, 1985.

Review Denied Jan. 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Linda F. Close, Deputy Atty. Gen., Paul Kempainen, Sp. Asst. Atty. Gen., Linda Svitak, Law Clerk, St. Paul, Julius E. Gernes, Winona County Atty., Winona, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered, and decided by FORSBERG, P.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Appellant Dale Lande was convicted of burglary in the second degree, Minn.Stat. § 609.582, subd. 2(d)(1984). He proceeded pro se at trial, but argues on appeal the trial court should have appointed counsel to assist him. He also raises other issues dealing with the denial of his motion for a new trial, the denial of his request for a continuance and the sufficiency of the evidence. We reverse and remand for a new trial.

## FACTS

Winona County law enforcement officials obtained information that appellant was planning to burglarize the Dog Patch Inn in Troy, Minnesota. After they staked out the tavern, they arrested appellant who was hiding inside a food cooler in the basement.

At appellant's first appearance, he indicated he would retain his own attorney. At his arraignment he appeared without counsel. The arraignment was continued to allow appellant to obtain counsel. At a second arraignment one week later appellant appeared without counsel and pleaded not guilty. The county attorney expressed concern over appellant's appearance without counsel and requested that counsel be appointed. Appellant refused to be examined regarding his indigency status and the court did not appoint counsel.

An omnibus hearing was held October 10, 1984. Appellant was asked if he intended to remain without counsel and replied "During this hearing, yes, Your Honor." Later, the county attorney asked the court to inquire if appellant still did not want an attorney and wanted to proceed pro se. The following exchange then ensued:

THE COURT: Well, I presume that Mr. Lande is advised by this Court and I believe also by the Judge that presided at the original appearance that Mr. Lande does not request a court-appointed attorney. He has indicated that he is satisfied that if he wants an attorney, he will employ his own attorney, is that still the situation, Mr. Lande?

MR. LANDE: That is correct, Your Honor.

THE COURT: So what Mr. Gernes [prosecutor] is saying is that when he goes to all the trouble of getting this case ready for trial and gets a date confirmed * * *, that he does not want to be confronted by an attorney arriving on the scene the spur of the moment and requesting some sort of continuance or further hearing. * * * [T]he Court would certainly take a dim view of that if that happened, * * *.

At a pretrial hearing on November 27 appellant appeared without counsel. He requested a private investigator and waiver of subpoena fees. He indicated he had funds through family to hire his own counsel, but vaguely responded to whether he would give any more financial information saying, "Well, my personal financial affairs are somewhat different than what was discussed on September 18." Appellant was then examined about his financial status regarding his requests. At the end of the examination, the prosecutor stated, "He is, obviously, entitled to court-appointed attorney, Your Honor." The court granted appellant's request for an investigator and waiver of subpoena fees.

Appellant appeared pro se at trial and was convicted of burglary in the second-degree and third-degree. He was adjudicated guilty on the second-degree charge and sentenced to 48 months, the presumptive sentence for one with a criminal history score of 6 or more who commits a severity level IV offense while on parole.

## ISSUE

Did the trial court err in failing to appoint counsel?

## ANALYSIS

### I.

Appellant contends the trial court erred in failing to appoint counsel to assist him while he proceeded pro se at trial. In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) the United States Supreme Court held that an accused has a sixth amendment right to conduct his own defense if he voluntarily and intelligently elects do so. The Court noted that "a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." 422 U.S. at 834, n. 46, 95 S.Ct. at 2541 n. 46. *See McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1984).

In accordance with this declaration, our supreme court promulgated Minn.R. Crim.P. 5.02, subd. 1, which reads:

Felonies and gross misdemeanors. *If the defendant is not represented* by counsel *and financially unable* to afford counsel, *the judge* or judicial officer *shall appoint counsel* for him.

The *comment* to this section states:

Under Rule 5.02, subd. 1, *counsel must be appointed* for a defendant financially unable to afford counsel in a felony or gross misdemeanor case even if a defendant exercises his constitutional right under *Faretta v. California,* 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (1975), to refuse the assistance of counsel and represent himself. In such a situation the appointed counsel would remain available for assistance and consultation if requested by the defendant.

(emphasis added).

The rule imposes a duty on trial judges to appoint counsel to indigent defendants without counsel, even when the defendant indicates his desire to proceed pro se. This

approach has long been favored after *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *See* Note, *The Right of an Accused to Proceed Without Counsel,* 49 Minn.L.Rev. 1133, 1150 (1965).

The reason for this requirement is succinctly stated in *Mayberry v. Pennsylvania,* 400 U.S. 455, 468, 91 S.Ct. 499, 506, 27 L.Ed.2d 532 (1971) (Burger, C.J. concurring).

A criminal trial is not a private matter; the public interest is so great that the presence and participation of counsel, even when opposed by the accused, is warranted in order to vindicate the process itself.

*Id.* at 468, 91 S.Ct. at 506. "A pragmatic reason for automatic provision of counsel is that since a great many defendants, especially indigents, are probably not competent to waive at any rate, and since few defendants waive if they are genuinely encouraged to have counsel, it saves time to provide counsel as a matter of course." 49 Minn.L.Rev. at 1150. (footnotes omitted). *See also* 1 Standards for Criminal Justice, Standard 5–5.1 (2nd .ed. 1980).

The manner in which appointed counsel is used by an accused is, of course, an entirely different matter. The accused may waive counsel and represent himself entirely pro se.[1] *Burt v. State,* 256 N.W.2d 633 (Minn.1977). On the other hand, the accused may wish to have counsel present to advise him of procedural or protocol matters. *See McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1984). However counsel is used, an indigent, pro se defendant is entitled to the appointment of a lawyer.

If an accused has not seen a lawyer and indicates an intention to waive the assistance of counsel, a lawyer should be provided for consultation purposes. No waiver should be accepted unless the accused has at least once conferred with a lawyer.

---

1. Even in this case the preferred practice is to have counsel in the back of the courtroom for consultation.

1 Standards for Criminal Justice, Standard 5–7.3 (2nd ed. 1980).

Here appellant was determined indigent at a pretrial hearing on November 27, 1984, as respondent conceded at oral argument. Counsel should have been appointed at the end of the pretrial hearing. We reverse appellant's conviction and remand for a new trial.

## DECISION

Appellant was denied a fair trial because of the failure of the trial court to appoint counsel for him under Minn.R.Crim.P. 5.02, subd. 1. Appointment was required because appellant was indigent and was proceeding without counsel. Because of our decision, we need not address appellant's other issues.

Reversed and remanded for a new trial.

FOLEY, Judge (dissenting).

I respectfully dissent. I disagree with the majority's interpretation of Minn.R. Crim.P. 5.02. This rule does not require the trial court to appoint standby counsel when the defendant refuses to be examined to determine if he is an indigent entitled to court-appointed counsel. Here, appellant voluntarily and intelligently waived his right to counsel, including court-appointed counsel.

The court used its best efforts to determine whether appellant qualified under rule 5.02, subd. 1 for appointment of counsel. Rule 5.02, subd. 1 provides:

If the defendant is not represented by counsel and is financially unable to afford counsel, the judge or judicial officer shall appoint counsel for him.

Thus, rule 5.02, subd. 1 provides for appointment where (1) "defendant is not represented by counsel," and (2) "is financially unable to afford counsel." Here, appellant repeatedly indicated that he would obtain counsel.

Appellant was ringwise. He had an extensive criminal background, having been convicted of six felonies before the date of this trial. Appellant knew he had the right to appointed counsel if he were found indigent.

A defendant has a duty to cooperate in a court's examination to determine if he qualifies for court-appointed counsel because (1) he is not represented by counsel, and (2) is financially unable to afford counsel. Here, appellant misled the court by stating that he would obtain counsel. However, appellant also indicated he would represent himself until counsel was retained. Appellant refused to submit to the type of financial inquiry required by rule 5.02, subd. 4 to determine if he met the indigency standard of rule 5.02, subd. 3. His submission to an inquiry relative to obtaining a private investigator and a waiver of subpoena fees is not of the scope which would determine if he met the indigency standard of rule 5.02, subd. 3.

Appellant never raised the issue of whether he could afford counsel despite his extensive experience with the criminal justice system and the court's repeated inquiries as to whether he wanted court-appointed counsel. Appellant chose to proceed pro se. This decision was voluntarily and intelligently made. In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court recognized that the sixth amendment "implies a right of self-representation." *Id.* at 821, 95 S.Ct. at 2534. "But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." *Adams v. United States, ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 268 (1942) (cited with approval in *Faretta,* 422 U.S. at 814–15, 95 S.Ct. at 2530–31).

The trial court had the option of appointing standby counsel. *McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). "A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge * * *." *Id.* at 136, 104 S.Ct. at 954. However, the trial court was not re-

*quired* to appoint standby counsel. *See Faretta; State v. Jones,* 266 N.W.2d 706, 711 n. 1 (Minn.1978) (trial court is strongly urged to liberally use its authority to appoint standby counsel as authorized in rule 5.02, subd. 2 before accepting a waiver of counsel); *Burt v. State,* 256 N.W.2d 633, 635 (Minn.1977).

The court was eminently fair in its attempts to inquire whether appellant had been able to retain private counsel, intended to do so, and whether he was willing to submit to the required financial inquiry which would determine whether he was entitled to court-appointed counsel. *See* Minn.R.Crim.P. 5.02, subd. 3, 4. At several of the pre-trial appearances, the court inquired whether appellant had been provided with adequate access to the telephone so that he could obtain out-of-town counsel, if he desired. When appellant first appeared before the court, he was advised that the court would consider appointing out-of-town counsel if appellant felt he could not afford counsel. Arraignment was postponed one week in order that appellant could have more time to retain counsel.

When the State indicated that it believed appellant was entitled to court-appointed counsel, the court attempted to inquire of appellant whether he might qualify as one "financially unable to obtain adequate representation without substantial hardship for himself or his family." *See* Minn.R. Crim.P. 5.02, subd. 3. Appellant refused to cooperate with the court's financial inquiry. Rule 5.02, subd. 4 requires such an inquiry. Further, he stated that he had funds through his family with which he could hire his own counsel. This statement alone indicates he would not meet the financial indigency standard of rule 5.02, subd. 3.

We should not reward appellant here with a new trial where he has done everything he could to thwart the court's attempt to determine whether he would be represented by counsel at future court appearances and whether he was "financially unable to afford counsel." I would affirm the conviction.