**STATE of Minnesota, Respondent,**

v.

**Wayne C. RUBIN, Appellant.**

No. C2–87–119.

Court of Appeals of Minnesota.

April 14, 1987.

Review Granted May 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Spec. Asst. Atty. Gen., St. Paul, Nancy Evans, Mower Co. Atty., Austin, for respondent.

C. Paul Jones, Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Wayne Rubin appeals the denial of his motion for reduction in sentence. Rubin claims that prior convictions based on uncounseled guilty pleas should not have been used in determining his criminal history score. We affirm.

## FACTS

Rubin pleaded guilty to burglary in the third degree, Minn. Stat. § 609.582, subd. 2 (1986), and was sentenced to 41 months imprisonment, based on a criminal history score of 6 or more and a severity level IV offense. Subsequently, he moved to reduce his sentence pursuant to Minn.R. Crim.P. 27.03, subd. 9. Rubin had a criminal history score of 11 but contended that seven of those points were based on a 1976

guilty plea to seven counts of uttering a forged instrument in which he did not validly waive his right to counsel.

The trial court determined that Rubin had validly waived his right to counsel.

## ISSUE

Did the trial court err in determining that appellant was properly assigned criminal history points for prior convictions based on guilty pleas made after a valid waiver of counsel?

## ANALYSIS

In *State v. Edmison*, 379 N.W.2d 85 (Minn.1985), the Minnesota Supreme Court held that if the State wishes to use prior convictions based on guilty pleas in computing a defendant's sentence, it must prove that the defendant was represented by counsel or that there was a valid waiver of the right to counsel on the record of each prior conviction. *Id.* at 87. The court stated:

> Our decision in *State v. Motl*, 337 N.W.2d 664 (Minn.1983), provides a guide for the sentencing court in determining whether the record of each of the prior proceedings adequately establishes a valid waiver of counsel by the defendant.

*Id.*

■ At the 1976 guilty plea hearing, the court questioned Rubin regarding his right to an attorney. Rubin was asked about his understanding of the charges and was told of the consequences. There is no question that Rubin was properly interrogated pursuant to *Motl.*

Rubin told the court he had consulted attorney Gary Fridell in Red Wing and, as a result, had decided to proceed on his own. He told the court he did not want an attorney appointed and wished to proceed. The record also reflects that Rubin signed a waiver of counsel which stated:

> * * * "I, Wayne C. Rubin, having been advised of my right to appear with counsel, and having further been advised of my right to have appointed counsel, and in the event I am unable to pay for counsel myself I hereby waive or give up my right to appear with counsel or my right to have appointed counsel"; * * *

The record establishes that Rubin validly waived his right to counsel at his 1976 guilty plea hearing and those convictions were properly considered in his criminal history score.

■ Rubin relies on *State v. Lande*, 376 N.W.2d 483 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 17, 1986), to support his contention that a defendant cannot waive counsel prior to being appointed counsel. In *Lande*, we held that under Minn.R.Crim.P. 5.02, subd. 1, an indigent defendant is entitled to have standby counsel appointed even when he wishes to proceed pro se.

*Lande* is distinguishable for many reasons. First, *Lande* involved the *appointment* of counsel, not the *waiver* of counsel. Second, Lande proceeded pro se to *trial*, not to a *guilty plea*. Lande qualified for a court-appointed lawyer at the pretrial hearing and was never asked if he waived his right to counsel. Here, Rubin explicitly waived his right to counsel orally and in writing. Finally, there is no requirement in *Lande* that a defendant must be appointed standby counsel before waiving the right to counsel. We agree with the trial court's conclusion that *Lande* is not applicable to this case.

## DECISION

Appellant's 41 month sentence is affirmed.

Affirmed.