**STATE of Minnesota, Respondent,**

v.

**Wayne C. RUBIN, petitioner, Appellant.**

**No. C2–87–119.**

Supreme Court of Minnesota.

July 31, 1987.

C. Paul Jones, Minnesota State Public Defender, Marie Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Paul P. Kempainen, Sp. Asst. Atty. Gen., Jean Kelly, Law Clerk, St. Paul, for respondent.

## OPINION

AMDAHL, Chief Justice.

We granted the petition of defendant Wayne C. Rubin for review of a decision of the court of appeals affirming his sentence to a 41–month prison term for burglary in the third degree. *State v. Rubin,* 404 N.W.2d 13 (Minn.App.1987), *petition for review granted* (Minn.1987). This is the presumptive sentence under the Sentencing Guidelines based on defendant's having a criminal history score of six or more. Defendant contends that 7 of the 11 criminal history points were for forgery convictions based on a 1976 guilty plea in which he did not validly waive counsel. He argues that under *State v. Edmison,* 379 N.W.2d 85 (Minn.1985), the 7 convictions cannot be counted and that, therefore, his correct criminal history score should be 4 and the presumptive sentence should be 25 months. We agree with the court of appeals that the record of the 1976 guilty plea establishes that defendant validly waived counsel and that, accordingly, the trial court in the instant case properly included the 1976 forgery conviction in computing defendant's criminal history score. We disagree, however, with the court of appeals' conclusion that a trial court may accept a guilty plea to a felony charge by an unrepresented

defendant who has not even consulted with counsel about waiving counsel and pleading guilty.

■ In *State v. Edmison*, 379 N.W.2d 85, 87 (Minn.1985), we held that "if a criminal defendant properly raises the issue, then the sentencing court may not use a prior misdemeanor conviction in computing the presumptive sentence under the Sentencing Guidelines for the current offense unless the state proves that the prior conviction was not obtained in violation of the defendant's right to counsel." The issue of what a criminal defendant who is being sentenced must do to properly raise the issue of whether his prior *felony* convictions were obtained in violation of his right to counsel is raised in *State v. Goff*, 402 N.W.2d 625 (Minn.App.1987), *petition for review granted* (Minn.1987), and we need not and do not address that issue in this case. It is sufficient to say that we agree with the court of appeals' ultimate conclusion in this case that the waiver of counsel in connection with the 1976 guilty plea was valid for *Edmison* purposes. Specifically, the transcript of the 1976 guilty plea hearing reveals that the trial court carefully interrogated defendant about his waiver of counsel, which was in writing. Defendant explained that he had discussed the case with an attorney in Red Wing, whom he named, and that as a result of that discussion he had decided to plead guilty without counsel. The trial court accepted defendant's plea after further questioning and imposed 7 concurrent 5–year terms with execution stayed and defendant given a probationary jail term. We agree with the court of appeals that the trial court in 1976 properly accepted defendant's guilty plea.

We disagree, however, with the court of appeals' analysis of the issue of whether under current law a trial court should appoint counsel before accepting a waiver of counsel and a guilty plea by a criminal defendant. In *Burt v. State*, 256 N.W.2d 633, 635 (Minn.1977), which was a guilty plea case, we "strongly encourage[d]" trial courts to liberally use the authority provided in Minn.R.Crim.P. 5.02 before accepting waivers of counsel. That rule provides, in relevant part:

Subd. 1. **Felonies and Gross Misdemeanors.** If the defendant is not represented by counsel and is financially unable to afford counsel, the judge or judicial officer shall appoint counsel for him.

Subd. 2. Misdemeanors. Unless the defendant charged with a misdemeanor punishable upon conviction by incarceration voluntarily waives counsel in writing or on the record, the court shall appoint counsel for him if he appears without counsel and is financially unable to afford counsel. The court shall not accept the waiver unless the court is satisfied that it is voluntary and has been made by the defendant with full knowledge and understanding of his rights. If the court is not so satisfied, it shall not proceed until the defendant is provided with counsel either of his own choosing or by assignment.

Notwithstanding the waiver, the court may designate counsel to be available to assist a defendant who cannot afford counsel and to consult with him at all stages of the proceedings.

A defendant who proceeds at the arraignment without counsel does not waive his future right to counsel and the court must inform him that he continues to have that right at all stages of the proceeding. Provided that for misdemeanor offenses not punishable upon conviction by incarceration, the court may appoint an attorney for a defendant financially unable to afford counsel when requested by the defendant or interested counsel or when such appointment appears advisable to the Court in the interests of justice to the parties.

The comment to R. 5.02 now provides in relevant part:

Rule 5.02 requires the appointment of counsel for indigent defendants (See ABA Standards, Pre-Trial Release, 4.2 (Approved Draft, 1968).)

Under Rule 5.02, subd. 1, counsel must be appointed for a defendant financially unable to afford counsel in a felony or gross misdemeanor case even if a de-

fendant exercises his constitutional right under *Faretta v. California*, 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (1975), to refuse the assistance of counsel and represent himself. In such a situation the appointed counsel would remain available for assistance and consultation if requested by the defendant.

As suggested in *Von Moltke v. Gillies*, 68 S.Ct. 316, 332 U.S. 708, 92 L.Ed. 309 (1948) to ensure a knowing and intelligent waiver of counsel, the court should make a penetrating and comprehensive examination of the defendant as to his comprehension of the

(1) Nature of the charges;

(2) Statutory offenses included within them;

(3) The range of allowable punishments;

(4) The possible defenses;

(5) The possible mitigating circumstances; and

(6) All other facts essential to a broad understanding of the consequences of the waiver.

Another way for the court to assure itself that the waiver of counsel is voluntary and knowledgeable is to appoint temporary counsel to advise and consult with the defendant as to the waiver. This is in accord with ABA Standards, Providing Defense Services, 5–7.3 (1980).

\* \* \* \* \* \*

Even though the defendant waives counsel, Rule 5.02, subd. 2 provides for the designation of counsel to be available for assistance and consultation.

Also, despite a waiver of counsel at arraignment, the defendant continues to have the right to counsel at all further stages of the proceeding, and the court must so inform him. See ABA Standards, Providing Defense Services, 7.3 (Approved Draft, 1968).

The court of appeals' decision seems to draw a distinction between the appointment of counsel in cases where the defendant pleads guilty without counsel and cases where the defendant proceeds to trial without counsel. Further, it specifically says that "there is no requirement \* \* \* that a defendant must be appointed standby counsel before waiving the right to counsel." 404 N.W.2d at 14. As we interpret R. 5.02 and the comment to the rule, a trial court may not accept a guilty plea to a felony or gross misdemeanor charge made by an unrepresented defendant if the defendant has not consulted with counsel about waiving counsel and pleading guilty.

Affirmed.

KELLEY, J., took no part.