Albert J. BOLSTAD,
Petitioner, Respondent,

v.

STATE of Minnesota, Appellant.

No. C3–88–2259.

Court of Appeals of Minnesota.

May 2, 1989.

See also 435 N.W.2d 547.

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., St. Paul, and Julius F. Gernes, Winona County Atty., Winona, for appellant.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and RANDALL and KALITOWSKI, JJ., without oral argument.

## OPINION

KALITOWSKI, Judge.

The State of Minnesota appeals from a sentence imposed on respondent that excluded an uncounseled felony conviction from the sentencing guideline calculations. Respondent, on cross appeal, seeks removal of a custody status point and establishment of a lower sentence. We affirm.

## FACTS

Respondent appeared in court, on a complaint charging him with two counts of welfare fraud, on August 23, 1985. At that time, the trial court advised him of his right to counsel. While respondent never waived his right to counsel, he also did not request counsel to be appointed. Because respondent wanted to try to reimburse the state for the welfare money he had received, and because he was uncertain how to plead, the trial court continued the matter.

At respondent's second appearance, he informed the trial court that he wanted to plead guilty and work out a reimbursement. The court then told respondent he had to waive his right to an attorney which respondent agreed to do.

Between the second appearance and the sentencing on October 15, 1985, respondent waived his right to counsel in writing, on a county waiver of attorney form. Also on October 15, 1985, respondent signed a separate petition to enter a plea of guilty to a felony pursuant to Minn.R.Crim.P. 15. However, every reference to a right to an attorney, normally indicated on the form, was deleted.

On January 6, 1986, respondent pleaded guilty to two counts of welfare fraud and was sentenced to a term of imprisonment of one year and one day with the execution of sentence being stayed for a period of five years.

On September, 8, 1987, respondent, represented by counsel, appeared in Winona

County District Court and entered a plea of guilty to third degree criminal sexual conduct, for which he received a 53 month prison term based in part on a custody point and a felony point from his January 6, 1986, conviction.

In January of 1988, respondent filed a petition for post sentencing relief, seeking a modification of his sentence on the grounds that the felony and custody point received from the welfare conviction should not be included in the sentencing determination. The court excluded the felony point pursuant to *State v. Rubin*, 409 N.W. 2d 504 (Minn.1987). The court retained the custody point and assigned respondent a new sentence of 44 months.

## ISSUES

1. Was it error to exclude respondent's uncounseled guilty plea from his criminal history calculation?

2. Was respondent properly assigned a custody point in the sentencing procedure?

## ANALYSIS

1. Criminal history point.

It has been held by the Minnesota Supreme Court that:

[A] trial court may not accept a guilty plea to a felony or gross misdemeanor charge made by an unrepresented defendant if the defendant has not consulted with counsel about waiving counsel and pleading guilty.

*State v. Rubin*, 409 N.W.2d 504, 506 (Minn. 1987). This is not new law. In *State v. Edmison*, 379 N.W.2d 85, 86 (Minn.1985) it was held:

[I]f a criminal defendant properly raises the issue, as the defendant in this case did, then the sentencing court may not use the prior conviction in determining the presumptive sentence for the current offense unless the state proves that the prior conviction was not obtained in violation of the defendant's right to counsel.

*Rubin* involved the interpretation of Minn.R.Crim.P. 5.02 and not the rights provided under the United States Constitution. Appellant correctly states that as a matter of long-standing constitutional law a valid waiver of the right to counsel simply requires the "intentional relinquishment or abandonment of a known right." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *see also Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Gideon v. Wainwright*, 372 U.S. 335, 340, 83 S.Ct. 792, 794, 9 L.Ed.2d 799 (1963).

However:

Minnesota law has established a broad-based right to counsel which goes beyond the dictates of [the decision of the United States Supreme Court].

*Edmison*, 379 N.W.2d at 87 (citing *State v. Nordstrom*, 331 N.W.2d 901, 904 (Minn. 1983)).

Minnesota has expanded the right to counsel through case law. (*See generally Rubin, Edmison, Burt v. State*, 256 N.W.2d 633 (Minn.1977); *State v. Borst*, 278 Minn. 388, 154 N.W.2d 888 (1967)). The right has also been expanded by Minn. R.Crim.P. 5.02. The rule provides: "If the defendant is not represented by counsel and is financially unable to afford counsel, the judge or judicial officer shall appoint counsel for him." Minn.R.Crim.P. 5.02, subd. 1. The comments to the rule further provide:

Under Rule 5.02, subd. 1, counsel must be appointed for a defendant financially unable to afford counsel in a felony or gross misdemeanor case even if a defendant exercises his constitutional right under *Faretta v. California*, 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (1975), to refuse the assistance of counsel and represent himself.

Minn.R.Crim.P. 5.02 subd. 1 comments.

■ Therefore, the felony point was properly excluded from respondent's sentence as the trial court accepted the uncounseled plea of guilty from respondent.

2. Custody point.

"The basic rule assigns offenders one point if they were under some form of criminal justice custody following conviction of a felony or gross misdemeanor

when the offense was committed for which they are now being sentenced." Minnesota Sentencing Guidelines II.B.201 comment. "Criminal justice custodial status includes probation." Minnesota Sentencing Guidelines II.B.201 comment.

■ Thus, the assignment of a custody point is contingent on two factors. First, the defendant must have been convicted and subsequently received some form of state custody, such as probation. Here, even though respondent's plea was uncounseled, its validity has not been challenged and respondent's record has not been expunged. The welfare fraud conviction is still part of his criminal history.

Second, another offense must occur while in such custody. In this matter it is undisputed that respondent was on probation for a felony conviction at the time he committed another felony.

We note that under the guidelines "the primary determinant of the sentence is the seriousness of the current offense of conviction." Minnesota Sentencing Guidelines II.B.203 comment. "Criminal history is of secondary importance and the [c]ommission believes that proportionality in sentencing is served sufficiently with the criminal history differentiations incorporated in the Sentencing Guidelines Grid and with the special provision for maintaining the impact of the custody status provision." Minnesota Sentencing Guidelines II.B.203 comment. Thus, the comments specifically emphasize the need to deal more harshly with someone who has violated custody.

It is important to note "the state has the burden of establishing a defendant's criminal history for sentencing guideline purposes." *State v. Campa*, 390 N.W.2d 333, 336 (Minn.Ct.App.1986). "It is the trial court's role to resolve any factual dispute bearing on the defendant's criminal history score." *Id.* at 336 (citing *State v. Olson*, 379 N.W.2d 524 (Minn.1986)).

The trial court was presented with evidence from appellant and respondent. The sentencing court determined appellant failed to meet its burden of proving the felony point, but decided appellant met its burden in proving the inclusion of a custo-

dy point. Since there is no showing of abuse of discretion on the part of the sentencing judge, the custody point should be included.

## DECISION

The trial court did not err in excluding the uncounseled guilty plea from the criminal history score. The trial court did not err in including a custody point in the criminal history score.

Affirmed.