STATE of Minnesota, Respondent,

v.

Jerome KREJCI, Appellant.

No. C6-88-1297.

Court of Appeals of Minnesota.

June 6, 1989.

Review Granted July 27, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and RANDALL and KALITOWSKI, JJ., without oral argument.

OPINION

RANDALL, Judge.

This appeal challenges the constitutionality of appellant Jerome Krejci's conviction for first degree assault. Appellant claims that holding his trial in Hennepin County violated article I, § 6 of the Minnesota Constitution because none of the elements of the assault occurred in that county. Appellant also asserts that his sixth amendment rights were violated by this prosecution. We find that holding appellant's trial in Hennepin County violated the Minnesota Constitution. Therefore, we reverse appellant's conviction and remand this case for trial in Renville County.

FACTS

In November 1986, appellant struck his 21-month-old son, Lynn Krejci, in the face while the child was standing on a chair. The force of the blow knocked the child from the chair. The right side of the boy's head hit the floor. He lost consciousness and stopped breathing. Appellant and his wife resuscitated the child within two hours; however, they did not seek medical attention for the boy. This incident took place in appellant's home in Morton, Minnesota. Morton is located in Renville County, part of the Eighth Judicial District.

On December 14, 1986, appellant's son was admitted to Minneapolis Children's Hospital. The child had lapsed into a coma earlier that day and was still in a coma when admitted to the hospital. Appellant's wife brought the child to the hospital and gave intake personnel a false name. Hospital personnel suspected child abuse so they contacted the police. When appellant's wife learned that the police had been contacted, she left the hospital.

Later that evening, appellant and his wife were picked up for questioning by Minneapolis police officers. After further investigation, appellant was arrested. On December 19, 1986, a complaint was filed in Hennepin County District Court charging appellant with first degree assault. A public defender was appointed to represent appellant. The complaint was later amended to include charges of child neglect and malicious punishment of a child.

Appellant made a motion to dismiss the charges against him due to improper venue. Venue in Hennepin County was based on Minn.Stat. § 627.15.[1] The trial court denied appellant's motion, holding that venue in Hennepin County was authorized by the statute. The trial court also rejected appellant's constitutional claim. Appellant petitioned this court for a writ of prohibition or mandamus based on the alleged improper venue. This court denied appellant's motion without ruling on the merits of his claim.

On September 11, 1987, appellant waived his right to a jury trial and agreed to submit the assault charge to the court on stipulated facts. In exchange for this agreement, appellant received a sentencing cap of 85 months, and a promise from the prosecution that if appellant was convicted of the assault charge, the other charges against him would be dropped. At the hearing, the trial court explained to appellant the nature of the charges against him, the range of allowable punishments, and the benefits of the agreement. Appellant also admitted the truth and voluntariness of the statements he made to the police following his arrest. During this proceeding, appellant was represented by a public defender. Appellant stated that he understood the agreement and wanted to go forward with it.

Appellant later revoked the agreement. In a letter to the trial court, appellant challenged the propriety of certain evidence included in the materials submitted, repudiated some of the statements he made at the September 11 hearing, and expressed dissatisfaction with the representation provided by his public defender.[2]

---

1. Minn.Stat. § 627.15 provides:
   A criminal action arising out of an incident of alleged child abuse may be prosecuted either in the county where the alleged abuse occurred or the county where the child is found.

2. The letter provides in pertinent part:
   * * * I feel it would be a great injustice to have you make a decision of guilty or not guilty on this type of evidence presented to you. There are false or untruthful statements

Therefore, the trial court refused to accept the case as submitted, and set the case on for trial.

A trial date of January 11, 1988, was selected to enable appellant to retain private counsel. On January 11, appellant appeared without counsel, and was ordered by the trial court to proceed pro se.[3] Trial was rescheduled for February 22.

On February 22, appellant again agreed to waive his right to a jury trial and submit the assault charge to the trial court on stipulated facts. In exchange, the prosecutor's office again agreed to cap appellant's sentence at 85 months and dismiss the other charges if the court convicted appellant of first degree assault. The February 22 hearing was handled for appellant by the public defender who had been appointed standby counsel. Once again the trial court and counsel explained to appellant the nature of the charges, the potential penalties, the absolute right to a jury trial, and the effect of the agreement on appellant's rights. Appellant ultimately agreed to submit the charge on the stipulated facts.

The trial court found appellant guilty of first degree assault. The court found that appellant struck his son in Renville County and this blow caused the child to go into a coma in Hennepin County. The trial court sentenced appellant to 85 months in prison, and the prosecutor dismissed the malicious punishment and neglect charges against appellant pursuant to the prior agreement.

## ISSUES

1. Did the trial court err by ruling that Hennepin County was the proper venue for appellant's trial?

2. Did appellant knowingly and intelligently waive his right to counsel?

3. Did appellant voluntarily waive his right to a jury trial?

## ANALYSIS

### I.

*Venue*

█ Appellant contends that as applied in this case Minn.Stat. § 627.15 is unconstitutional. He argues that venue in Hennepin County, which is the Fourth Judicial District, was improper because all the elements of the first degree assault occurred in Renville County. Since all the elements of the crime took place in Renville County and Renville County is in the Eighth Judi-

---

in the Police Reports, stating that I ecknowledged (sic) certain things that I never did!

\* \* \* \* \* \*

However, a criminal defense lawyer must set aside his prejudice. I expected a vigorous representation to the criminal charges, as well as protecting my rights from potentially false testimony and statements made by my wife Linda Krejci.

\* \* \* \* \* \*

I would like to state at this time these facts to you, for I do not feel it is justifiable to make a decision on these papers presented to you as they are! I would like a (sic) appearance in front of you as soon as possible.
Letter from Jerome J. Krejci to the Honorable Robert G. Schiefelbein (Sept. 15, 1987).

3. When appellant appeared without counsel, the following exchange took place:
THE COURT: Why don't you have counsel?
THE DEFENDANT: I'm unable to obtain counsel, to be frank about it.
THE COURT: Then you're going to try the case alone then, is that it?
THE DEFENDANT: That would be a little bit bizarre, without being disrespectful.

THE COURT: It might be bizarre but that's what you're going to do. \* \* \*

\* \* \* \* \* \*

THE COURT: The matter is set for trial on February 22, it will be tried by this Court unless I am otherwise disposed \* \* \*. Mr. Krejci, do you understand me? You're to be set, ready to go to trial on the 22nd day of February at 9:00 a.m. in this courtroom. \* \* \*. I am also at this time appointing the Public Defender as standby counsel in this case. Mr. Krejci, there will be a lawyer in the courtroom at all times for you to consult with if you so choose, but I want to make it clear that you are proceeding pro se, that means by yourself, and that this attorney will be available in the courtroom for your consultation. If you'd like to have the Public Defender appointed, I'll make that available to you and I want the record to reflect that the services of the Public Defender have been made available, and you have indicated you want to proceed pro se, is that a correct statement of your position?

\* \* \* \* \* \*

THE DEFENDANT: If I don't have no better representation than I had before, then yes.

cial District, appellant argues holding his trial in Hennepin County pursuant to the statute violated article I, § 6 of the Minnesota Constitution.[4] Respondent states that the result of the assault, the child's lapse into a coma, occurred within Hennepin County. Therefore, according to respondent, venue in Hennepin County was authorized by either Minn.R.Crim.P. 24.02, subd. 3 or Minn.Stat. § 627.15.

"In a criminal case, the government bears the burden of proving proper venue by a preponderance of the evidence." *U.S. v. Felak*, 831 F.2d 794, 798 (8th Cir.1987). The Minnesota Supreme Court directly addressed the question of venue in *State v. Hanson*, 285 N.W.2d 483 (Minn.1979). The court stated:

> [U]nder the Federal Constitution venue would be properly laid in any county where any element of the felony occurred because that would be a county in which the crime was committed or furthered. There seems no reason to interpret the State Constitution differently.

*Id.* at 486; *see also U.S. v. Cores*, 356 U.S. 405, 407, 78 S.Ct. 875, 877, 2 L.Ed.2d 873 (1958).

Thus, we must decide where the essential elements of the assault took place to determine whether venue in Hennepin County was proper. First degree assault is defined as an assault which inflicts great bodily harm. *See* Minn.Stat. § 609.221 (1986). Assault is the intentional infliction of or attempt to inflict bodily harm upon another. Minn.Stat. § 609.02, subd. 10(2) (1986). Respondent argues that because the child last was treated at a hospital in Hennepin County, and because the child's condition worsened in Hennepin County, that an element of the assault, the injury, occurred in Hennepin County. We do not accept this argument. Giving it the legal effect that respondent proposes would, in effect, make the probable venue of serious assault cases occurring anywhere in Minnesota, the counties of Hennepin, Ramsey, or

Olmsted (Rochester). The State of Minnesota has two nationally recognized centers for advanced medical care. One is the Twin Cities which contains Hennepin County General, Ramsey County General, the vast University of Minnesota medical complex, and other excellent hospitals. The other center is the City of Rochester with its network of outstanding hospitals and clinics. It is common for patients suffering from extremely serious injuries to be referred to a medical facility in one of these two locations from our state's outlying areas. The state argues that since the victim's condition worsened in Hennepin County, an element of the assault took place in Hennepin County. We disagree. In light of the clear language of the Minnesota Constitution, we refuse to create a rule that would, for all practical purposes, authorize venue for criminal prosecutions involving serious injuries in either the county where the incident occurred or the county the victim is taken for treatment.

Respondent's construction of the first degree assault statute is overbroad. A basic rule of statutory construction is that criminal statutes are strictly construed against the state and in favor of a defendant. *See State v. Soto*, 378 N.W.2d 625, 627 (Minn. 1985) (Minnesota follows "a long tradition of strictly construing criminal statutes."); *State v. Larson Transfer & Storage, Inc.*, 310 Minn. 295, 304, 246 N.W.2d 176, 182 (1976). Adopting respondent's construction would violate this basic rule.

The trial court found that appellant struck his son in Renville County, knocking the boy from a chair, and causing him to lose consciousness. The prosecution concedes that the physical act took place at appellant's home in Renville County. Since both the physical act and the injury took place in Renville County, we find the essential elements of the crime of first degree assault took place within Renville County. Therefore, prosecuting appellant in Hennepin County violated article I, § 6 of the Minnesota Constitution. That the victim's

---

4. Minn. Const. art. I, § 6 provides in pertinent part:

In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county or district wherein the crime shall have been committed, which county or district shall have been previously ascertained by law.

condition worsened in Hennepin County is simply not the issue. We note that commonly people who receive serious injuries may have their condition worsen before it gets better. The issue is where did the assault and its causal connection to the injuries take place. That was Renville County.

Respondent also argues that § 627.15 authorizes this prosecution in Hennepin County because Lynn Krejci was "found" there. The statute, according to respondent, codifies the premise that in child abuse cases it is sometimes difficult to ascertain precisely where an assault took place. This is true when a parent conceals abusive behavior by moving a child from county to county. We recognize that in doubtful cases the supreme court has indicated its approval of the statute. *See State v. Norton,* 328 N.W.2d 142, 144 n. 1 (Minn.1982). However, *this is not a doubtful case. All the acts constituting appellant's crime took place in Renville County.*[5] Renville County is in the Eighth Judicial District. Appellant could have been tried in any county within the eighth district without violating the Minnesota Constitution. Appellant was tried in Hennepin County because his child "was found in that county." As applied in this case, Minn.Stat. § 627.15 violates article I, § 6 of the Minnesota Constitution which governs venue in criminal cases in this state.

Respondent claims that the statute is justified by the horrors of child abuse. Respondent asserts that because the legislature determined the statute was necessary to help combat the evils of child abuse, we must defer to the legislature's judgment. Respondent further argues that because this statute was duly enacted, it carries with it a presumption of constitutionality.

We concur with respondent's statements regarding the problems of child abuse in society. We point out that we are not denying the right of the state to prosecute appellant for child abuse. We only hold that the constitutional requirement that criminal prosecutions take place where at least one element of the crime occurred was not met in this case.

Even if the legislature determines that it is more expedient for the prosecution to bring these matters to trial where the child is found or where it received medical treatment, the legislature does not have the power to amend the constitution, only the people of this state do. *State v. Hamm,* 423 N.W.2d 379, 381 n. 1 (Minn.1988). A different result in this case would undermine the purpose of having a written constitution which is to establish "certain limitations of the power of government." *Id.* at 382. As our supreme court recently stated, "[i]f a written constitution can be amended by statute or judicial fiat, it retains no sanctity whatsoever." *Id.* at 383.

Based on these principles, we conclude that prosecution of appellant in Hennepin County pursuant to Minn.Stat. § 627.15 violated his constitutional right to a trial in a county or district where at least one element of the crime took place. *See Hanson,* 285 N.W.2d at 486. Because we find venue in Hennepin County improper, we reverse the conviction and remand this case for trial in Renville County.[6]

---

5. Respondent also argues that venue in Hennepin County is authorized by Minn.R.Crim.P. 24.02, subd. 3. Respondent did not present this argument to the trial court and the court based its venue decision on the statute. However, in the interests of judicial economy, we will address respondent's claim.

Minn.R.Crim.P. 24.02, subd. 3, provides:
   If an act is committed in one county resulting in injury * * * in another county, the offense may be prosecuted and tried in either county. *If it is doubtful* in which one of two or more counties the act was committed or injury or death occurred, the offense may be prosecuted and tried in any one of such counties. (emphasis added)

We find the rule inapplicable here. In this case, both the assault and the injury occurred in Renville County. Simply because the child's condition deteriorated in Hennepin County weeks after the assault and initial injury took place does not bring this case within the special exception provided by the rule.

6. The state is not precluded from retrying appellant in Renville County due to the constitutional prohibition against double jeopardy. *See Lockhart v. Nelson,* — U.S. ——, 109 S.Ct. 285, 289, 102 L.Ed.2d .265 (1988) (defendant who succeeds in getting conviction set aside due to an error in the proceedings leading to the conviction may be retried); *see also Burks v. U.S.,* 437

## II.

*Waiver of the Right to Counsel*

■ In the interests of judicial economy, we address the other issues raised by appellant. Appellant argues that his sixth amendment right to counsel was violated because the trial court did not ensure that appellant knowingly and intelligently waived this right before requiring appellant to proceed pro se. Respondent disagrees and asserts that the trial court fulfilled its duty of ensuring that appellant's waiver was knowing and intelligent. Respondent also contends that appellant was "in fact" represented by counsel throughout the proceeding because his standby counsel handled the final hearing for him. Respondent further argues that appellant did not actually proceed to trial without counsel, but agreed to submit his case to the trial court on stipulated facts. Respondent argues vigorously that appellant was not exposed to the perils of preparing for trial and proceeding to trial without effective representation. We agree.

A criminal defendant's waiver of the right to counsel must be knowingly and intelligently made. *Burt v. State,* 256 N.W.2d 633, 635 (Minn.1977); *see also Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). The trial court has the duty of ensuring that a defendant makes a knowing and intelligent waiver. *Burt,* 256 N.W.2d at 635. To ensure the defendant's waiver is knowing and intelligent, the trial court should:

[M]ake a penetrating and comprehensive examination of the defendant as to his comprehension of the

(1) Nature of the charges;

(2) Statutory offenses included within them;

(3) The range of allowable punishments;

(4) The possible defenses;

(5) The possible mitigating circumstances; and

U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978) (reversal based on defective proceedings

(6) All other facts essential to a broad understanding of the consequences of the waiver.

*State v. Rubin,* 409 N.W.2d 504, 506 (Minn. 1987). An alternative way to ensure the waiver is knowing and intelligent "is to appoint temporary counsel to advise and consult with the defendant as to the waiver." *Id.* at 506. A violation of a defendant's right to counsel is established when the record "viewed as a whole, inadequately demonstrates that [a defendant's] waiver was knowing and intelligent." *Burt,* 256 N.W.2d at 636.

Appellant argues that the record reflects the trial court's total failure to conduct the penetrating and comprehensive examination required by *Rubin.* We strongly disagree. Our review of the record reveals that appellant was informed of the nature of the charges against him, the range of allowable punishments, and the possible benefits of a plea negotiation on at least two separate occasions, September 11, 1987, and February 22, 1988. We also note that the February 22 hearing was actually handled by appellant's standby counsel. Appellant agreed to waive his right to a jury trial at this point and submit his case to the trial court on stipulated facts as previously recommended by his public defender. Additionally, the materials submitted to the trial court were organized by appellant's counsel.

Based on these facts, we hold that appellant's sixth amendment right to counsel was not violated. Appellant was fairly informed of the nature and seriousness of the charges, the range of allowable punishments, and the benefits of a plea bargain. *See Rubin,* 409 N.W.2d at 506. Additionally, appellant was in fact represented throughout this proceeding. We reject appellant's claim of improper waiver of counsel.

## III.

*Waiver of Jury Trial*

■ Appellant next contends that he involuntarily waived his right to a jury trial.

is distinguished from reversal due to insufficient evidence).

He argues that his decision was based on his inability to obtain compulsory process, adequate representation, or speedy disposition of the charges against him. Respondent claims that the trial court did not err by finding that appellant voluntarily waived his right to a jury trial. Respondent points out that appellant waived his right on two separate occasions, and both waivers occurred after the nature of his jury trial right and its importance had been fully explained.

According to the Minnesota Supreme Court:

> A defendant in a criminal case may waive a jury trial if the court approves and if the waiver is made orally or in writing after the defendant has been advised of his rights and has had an opportunity to consult with counsel.

*State v. Pietraszewski*, 283 N.W.2d 887, 889–90 (Minn.1979) (per curiam). A trial court has discretion to accept or reject the waiver. *Id.* at 890. Before accepting a waiver, the trial court should ensure that the defendant was informed of the right and the waiver was a voluntary decision. *Id.*

Our review of the record indicates that the trial court properly found that appellant voluntarily waived his right to a jury trial. Appellant waived his right to a jury trial twice, on September 11, 1987, and February 22, 1988. In both instances, appellant had the opportunity to consult with counsel, and was thoroughly examined regarding the waiver. At the February 22 hearing, appellant continuously expressed his desire to waive his right to a jury trial when questioned by the court. The record reflects that appellant's waiver was voluntary.

## DECISION

As applied in this case, Minn.Stat. § 627.15 violates article I, § 6 of the Minnesota Constitution by authorizing a criminal trial in a county or district in which none of the essential elements of the crime occurred. Appellant's sixth amendment rights to counsel and a jury trial were not violated by this prosecution.

Reversed and remanded.