**STATE of Minnesota, Respondent,**

v.

**Oloveuse Scorpio SAVIOR, Appellant.**

**No. C0–91–1242.**

Court of Appeals of Minnesota.

Feb. 18, 1992.

Hubert H. Humphrey III, Atty. Gen., St. Paul, William Clelland, Steven Charles Hey, Brooklyn Center City Atty., Minneapolis, for respondent.

Oloveuse Scorpio Savior, Pro Se.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by NORTON, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

NORTON, Judge.

Appellant alleges that the trial court erred by failing to obtain an unequivocal knowing and intelligent waiver of his right to counsel and by denying him effective assistance of standby counsel.

## FACTS

Appellant was convicted of gross misdemeanor theft for stealing 25 cartons of cigarettes valued at $393 from the K–Mart store in Brooklyn Center on November 4, 1990. Appellant was stopped by store security outside the front doors with a toy box filled with cigarette cartons in his possession. Security detained appellant and called the police.

As a result of his indigence, appellant was provided a public defender. Thereafter, appellant dismissed his public defender and was granted permission to represent himself. Appellant proceeded to trial without counsel or standby counsel.

## ISSUES

I. Did appellant unequivocally, knowingly and intelligently waive his right to trial counsel?

II. Did the trial court err in failing to appoint standby counsel to assist appellant in his self-representation?

## ANALYSIS

### I.

■ The trial court's finding that appellant knowingly and intelligently waived his right to trial counsel will be affirmed unless clearly erroneous. *See State v. Richards*, 456 N.W.2d 260, 264 (Minn.1990). When a defendant seeks to proceed pro se in a criminal trial,

> the court must determine (1) whether the request is clear, unequivocal, and timely, and (2) whether the defendant knowingly and intelligently waives his right to counsel.

*Richards*, 456 N.W.2d at 263 (footnote omitted). *See Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (defendant does not need skill of lawyer to knowingly and intelligently waive right to counsel).

Appellant argues that he did not validly waive his right to counsel because his assertion of the right of self-representation was ambiguous, equivocal, and unknowing.

At the pre-trial hearing, appellant responded affirmatively to questions regarding his desire to represent himself and discharge the public defender. Additionally, at trial, appellant stated that his choice was to represent himself or to try to obtain private counsel. Appellant clearly and unequivocally chose the alternative to represent himself when he was denied another public defender and did not obtain private counsel. *See Richards*, 456 N.W.2d at 264 (request to proceed pro se is not equivocal merely because it is alternative to primary request for different counsel).

Although the trial court did not make a full on-the-record inquiry to ensure a valid waiver, the surrounding circumstances show that appellant was aware of the consequences of proceeding pro se. *See State*

*v. Krejci*, 458 N.W.2d 407, 412–13 (Minn. 1990). Appellant affirmatively responded to questions that he had discussed at some length with the public defender the advantages of having an attorney and his desire to represent himself. *See State v. Rubin*, 409 N.W.2d 504, 506 (Minn.1987) (consulting with counsel as to waiver is a means to insure a knowing and intelligent waiver). Appellant was made aware that he did not have a choice of public defender, was reminded of his right to an attorney, and was clearly informed of the nature of his crime and possible punishment. Therefore, the trial court's finding that appellant knowingly and intelligently waived his right to trial counsel was not clearly erroneous in light of the record. *See Krejci*, 458 N.W.2d at 413 (defendant's refusal to proceed with public defender when he did not hire private counsel did not make waiver involuntary).

### II.

■ Counsel shall be appointed for a defendant who is not represented by counsel and is financially unable to afford counsel. Minn.R.Crim.P. 5.02, subd. 1.

> Under Rule 5.02, subd. 1, counsel must be appointed for a defendant financially unable to afford counsel in a felony or gross misdemeanor case even if a defendant exercises the constitutional right under *Faretta v. California*, 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (1975), to refuse the assistance of counsel and represent herself or himself. In such a situation the appointed counsel would remain available for assistance and consultation if requested by the defendant.

Minn.R.Crim.P. 5.02, subd. 1 comment; *see State v. Lande*, 376 N.W.2d 483, 485 (Minn. App.1985) (counsel must be appointed for indigent defendant who proceeds pro se), *pet. for rev. denied* (Minn. Jan. 17, 1986). Once the trial court appoints standby counsel, that standby counsel must be physically present in the courtroom from the time of the appointment through all the proceedings. *State v. Parson*, 457 N.W.2d 261, 263 (Minn.App.1990), *pet. for rev. denied*

(Minn. July 31, 1990); *see Lande*, 376 N.W.2d at 485 and n. 1 (where defendant proceeds pro se, it is preferred practice for counsel to remain at back of courtroom for consultation).

Appellant argues that the trial court erred by failing to appoint standby counsel to assist him in his self-representation. The state disagrees and argues that the facts of this case are similar to *Parson.* However, we agree with appellant and find this case to be most similar to *Lande* and distinguishable from *Parson.*

In *Lande,* the defendant initially indicated that he would hire his own attorney. *Lande,* 376 N.W.2d at 484. Although later found to be indigent, the defendant appeared pro se at trial. *Id.* The trial court did not appoint counsel to assist him. *Id.* at 485.

In *Parson,* the defendant was provided standby counsel. Standby counsel just simply never came to trial and the defendant never argued that she was denied access to standby counsel. *Id.* at 264.

In this case, appellant is indigent and a public defender was appointed. Later, he dismissed the public defender, indicated he would hire his own counsel, and then appeared pro se at trial. Standby counsel was not appointed. This case does not reach the *Parson* issue and accompanying harmless error analysis of standby counsel's required presence in the courtroom when an indigent defendant is proceeding pro se because the trial court did not appoint standby counsel and there is nothing in the record to show that appellant was even aware of this right. Appellant had no access to standby counsel for assistance.

Standby counsel should have been appointed for appellant at the pre-trial hearing when appellant dismissed his public defender and was told by his public defender that once he dismissed the public defender's office its attorneys would no longer be available to him. *See Lande,* 376 N.W.2d at 485 (pro se defendant is entitled to appointed counsel even if only used as standby counsel). Thus, appellant was denied a fair trial because the trial court failed to appoint standby counsel for his assistance.

*See Krejci,* 458 N.W.2d at 409 (where defendant rejected the public defender's office and was unable to obtain private counsel, he was ordered by trial court to proceed pro se with standby counsel to assist him).

## DECISION

We hold that while appellant unequivocally, knowingly and intelligently waived his right to trial counsel, the trial court erred by failing to appoint standby counsel to assist appellant.

Reversed and remanded.